# J. W. CLARK AND J. E. PERKINS *v.* G. W. GRIDLEY.

OBJECTION TO TESTIMONY.—Objections to the reception of testimony, whether parol or in the form of depositions, must be made at the trial, and cannot for the first time be raised on motion for new trial. The absence of the party against whom the evidence is offered makes no difference in the rule.

TESTIMONY AS TO ACCOUNT.—It is permissible for a witness to testify to the result of the items of an account, rather than to the items and facts from which the result arises, unless objection is made to this form of testifying.

STATEMENT ON MOTION FOR NEW TRIAL.—The presumption is that all the testimony
is included in a statement on motion for new trial, unless the contrary appears.

NEW TRIAL GRANTED UNCONDITIONALLY.—If the statement shows that too high a
rate of interest was allowed by the jury, upon an account sued on, for a part of
the time, a new trial will be granted unconditionally, unless it appears that
plaintiff had not kept his account for the residue of the time upon the erro-
neous basis of interest, and he will consent to remit the excess.

APPEAL from the District Court, Fourth Judicial District,
City and County of San Francisco.

The plaintiffs were a firm engaged in the purchase of wool
in San Francisco, under the name of Clark & Perkins.　The
defendant resided at Marysville, Yuba County.　Said Grid-
ley of the one part and Clark & Perkins of the other part,
on the 1st day of April, 1865, entered into a contract in
writing, by which the defendant was to purchase wool at
Marysville and the country adjacent thereto, at the lowest
obtainable prices, and ship the same to the plaintiffs at San
Francisco.　Clark & Perkins agreed to protect all drafts
drawn by Gridley to pay for the wool, together with expense
of forwarding, to receive the wool at San Francisco, and to
sell the same in San Francisco, or forward it to suitable
Eastern markets for sale, as might appear best.　Clark &
Perkins were to do all in their power to make a profitable
result to the venture, and when the wool was sold in San
Francisco the account was to be chargeable with two per
cent per month when a debit balance occurred.　When the
wool was sold in the Eastern market, Clark & Perkins were
to procure advances to the extent of about seventy per cent
of its value, at seven per cent per annum.　Upon the final
closing of the account the profit arising from or loss accru-
ing to the entire business was to be shared equally between
the parties.

The plaintiffs averred in their complaint, that the parties
continued in the business until the 21st of June, 1866, when
the business was finally closed, and that there had been a
loss of four thousand four hundred and ninety-seven dollars
and thirty-eight cents, all of which had been borne by them.

They asked for judgment against the defendant for one half the same, (two thousand two hundred and forty-eight dollars and sixty-nine cents,) with interest at two per cent per month from January 7th, 1867. The material allegations of the complaint as to the plaintiffs having used care and diligence in making sales, and as to the plaintiffs having borne the loss alleged, and as to defendant being chargeable with one half of it, were put in issue by the answer. A copy of the contract was set out in the complaint.

The cause was called for trial on the 13th day of September, 1867. The defendant did not appear. The plaintiffs, by their attorney, demanded a jury. The plaintiffs on the trial offered in evidence the depositions of three witnesses, taken in Boston, Massachusetts, under a commission. It appeared on the face of the depositions that the commission was issued to Charles E. Kendall, to take the depositions of Andrew T. Hall, J. W. Hall, and H. A. Hall, residing in Boston, and the commission was returned by Charles C. Kendall, who took the depositions of John W. Hall, of Boston, and Henry A. Hall, of Roxbury. The plaintiff Perkins was a witness, and testified to the general results of the account without giving items. The plaintiffs did not introduce any evidence of any sales of wool made by them in San Francisco, but proved sales made in Boston. The jury found a verdict for plaintiffs for two thousand five hundred and eighty-seven dollars and forty-nine cents, for which amount judgment was rendered. The defendant moved for a new trial, and in his statement assigned error in admitting the depositions in evidence. The defendant appealed.

The other facts are stated in the opinion of the Court.

*Tully R. Wise*, for Appellant.

There is error apparent upon the face of the contract itself, set forth in the complaint and made a part of it. The contract provides for the sale of wool in San Francisco and in the Eastern markets. When plaintiffs advanced money to

pay for wool sold in San Francisco, the account was to be charged with interest at two per cent per month; but when shipped East, they agreed to procure an advance of seventy per cent, and interest was to be charged at seven per cent per annum.  This is clear from the contract, or nothing can be clear.  Here the whole account was for wools shipped East.  Nothing is pretended to have been sold in San Francisco, and plaintiffs, in their prayer, claim that two thousand two hundred and forty-eight dollars and sixty-nine cents was due on the 7th of January, 1867, and demanded two per cent per month.  As this case was tried on the third of September, if they were entitled to only seven per cent, the verdict was for too much, even admitting that such balance was due to them.  So that there is an error in this respect for which the judgment ought to be reversed.

Should the depositions have been admitted in evidence, as no one appeared at the trial to take an exception?  If they were inadmissible, it is because of our statute.  The statute provides that when a deposition has been once taken, it may be read in evidence, subject to objections.  (See Hittell's Dig., Sec. 5,627.)  The only question is, whether a deposition, when it goes in evidence, goes in subject to objections to be made before or afterwards.  The wording is, that the objection may be made afterwards.  If the objections can be made at any time afterwards, then the commission was issued to Charles E. Kendall and returned by Charles C. Kendall.

*Barstow & Tompkins*, for Respondents.

If the defendant had any defense to the action, or any objections to the evidence of plaintiffs, he should have appeared at the trial and contested the matter there.  (*Sands* v. *Hildreth*, 12 Johns. 493.)

The only point raised by appellant that will bear a moment's consideration, is to the effect that the evidence is insufficient to support the verdict.  The statement on motion for a new trial contains nothing to show that it presents all

the evidence given upon the trial, and consequently, under the ruling of this Court, a new trial would not be granted, even if this allegation of error were true. (*Dawley* v. *Hovious*, 23 Cal. 103.)

The statement on motion for new trial contains evidence sufficient to support the verdict. The testimony of J. E. Perkins is directly to the point. He swears that the wool transaction undertaken under the contract set out in the complaint resulted in a heavy loss, all of which was paid by plaintiffs, and that the defendant's share of said loss, according to the terms of said contract, amounts to the sum of two thousand five hundred and eighty-seven dollars and forty-nine cents, which sum was due and unpaid.

A new trial will not be granted because the verdict is founded on slight evidence. (3 G. & W. on New Trials, 1,261, ed. of 1855, and cases therein cited.)

The testimony of Perkins may, perhaps, be open to the objection that it embodies questions of law as well as fact; but no objection was made to the form of the answer of Perkins, or to the question evoking it, and it is now too late to raise the objection. Had any objection been made at the trial as to the form of question or answer, the difficulty could have been obviated. (2 G. & W. on New Trials, 659.)


By the Court, SANDERSON, J.:

First—We cannot consider the points made by counsel for the appellant against the admission of the depositions of the Halls and Stevenses, or the summary statements of Perkins as to the condition of the account, conceding them to have merit, for no objection was made to their admission. All objections to the testimony on the ground of any supposed illegality must be made in the Court below at the trial, and cannot be interposed for the first time upon the motion for a new trial. The absence of the party against whom the evidence is offered makes no difference in this rule. If his absence was the result of accident or surprise, it constitutes

a separate ground for a new trial, but cannot be brought forward to support a different ground, which, of itself, is untenable. If his absence cannot be charged to the account of accident or surprise, it must have been _suo negligentia_, from which no advantage can come in any form.

Second—The claim that the verdict is not sustained by the evidence, because no testimony was given as to any disbursements by the plaintiffs, is also untenable. The testimony of Perkins went to that point. He did not, so far as the record shows, go into details, it is true, but he stated generally that the wool business had resulted in a heavy loss, all of which had fallen upon the plaintiffs. He also stated what the loss had been, and how much was the defendant's share, and that the same was unpaid. This, it is true, was testifying to results rather than to the facts from which they followed, but the defendant was not there to object, and, in the absence of any objection, the mode was permissible.

Third—The contract, which is set out at length in the complaint, provides for the sale of wool in the San Francisco and in the Eastern markets. The account of the wool sold in the San Francisco market, when a debit balance occurred, was to be charged with interest at the rate of two per cent per month; but the account of wool sold in the Eastern markets, when a debit balance occurred, was to draw only seven per cent per annum. So far as the testimony shows—and the presumption is that all the testimony bearing upon the question is contained in the record, (_Hidden_ v. _Jordan_, 28 Cal. 301,)—the sales all took place in the Eastern markets, and yet the complaint shows that two per cent per month is claimed by the plaintiffs upon their advances, instead of seven per cent per annum, as agreed in the contract; and the verdict and judgment shows that the jury allowed the former rate from the 7th of January, 1867, until the action was tried. This was error; and, while it does not affirmatively appear that the account had been kept and finally made up by the plaintiffs under the two per cent per month clause in the contract, instead of the seven per cent per annum clause, it may

be fairly inferred from the relief sought by them in relation to the balance due, that they kept the account throughout under the two per cent clause. If so, a very erroneous result may have been reached. If we were satisfied that the account had been kept upon that basis, we should be disposed to deny a new trial, provided the plaintiffs would consent to remit the excess of interest found by the jury; but under the circumstances, we are disposed to make the order unconditional.

Judgment reversed, and a new trial ordered.

Mr. Justice RHODES expressed no opinion.