[Crim. No. 2340. Second Appellate District, Division One.—June 1, 1933.]

THE PEOPLE, Respondent, v. CHARLES L. BEATTY, Appellant.

Alexander L. Oster for Appellant.

U. S. Webb, Attorney-General, and John D. Richer, Deputy Attorney-General, for Respondent.

HENDERSON, J., *pro tem.*—The appellant was charged by an information with the offense of violation of chapter 339 of the Laws of 1923 (the Firearms Act), more specifically, the possession of a firearm capable of being concealed upon the person, he having been convicted previously of a felony. Having waived a trial by jury, he was found guilty and appeals from the judgment and the order denying his motion for a new trial. At the commencement of the trial it was stipulated that the case be tried upon the preliminary transcript, which was read into the record.

Pursuant to section 969b of the Penal Code, the People introduced in evidence copies of finger-print cards of the defendant taken at the state penitentiary in Ohio and the county jail at Los Angeles, both of which were exhibits at

the preliminary examination, to establish the prior conviction. Thereupon the prosecution rested its case, and the defendant moved for a dismissal on the ground of the insufficiency of the evidence to prove a prior conviction since the foreign prison record was not properly authenticated. With this contention the trial judge agreed, but the prosecution was granted permission, irrespective of the stipulation, to reopen the case and introduce a duly authenticated fingerprint record from the state penitentiary of Ohio and a certified copy of a judgment of conviction of grand theft from the same state, neither of said documents having been offered at the preliminary examination.

It is urged that the failure of the court to set aside the stipulation of the parties before granting the prosecution permission to reopen the case was erroneous, because it left the defendant bound by its terms and at the same time relieved respondent from its effect. Appellant maintains that he was thereby denied his constitutional right to demand a trial by jury, which he would have requested in the first instance could he have anticipated this departure from the agreement of the parties. It is a well-established principle of law that a court in its discretion may permit the prosecution to reopen the case for further testimony, and its action in this regard will not be disturbed in the absence of a showing of clear abuse of discretion. (*People* v. *Champion,* 193 Cal. 441 [225 Pac. 278].) A review of the record discloses that the sole objection to the court's ruling was made on the ground "that the case had already been submitted". There is nothing to indicate that the defendant was dissatisfied with the waiver of a trial by jury, nor with the method of the presentation of the evidence. Under such circumstances, we are of the opinion that no abuse of discretion on the part of the trial court is disclosed.

Subsequent to the denial of the defendant's application for probation, his motion for a new trial was made on all of the statutory grounds. The trial judge denied the motion forthwith in the following language: "Motion denied. I think you are too late anyway." Appellant insists that this erroneous opinion on the part of the trial judge (*People* v. *Lamattina,* 38 Cal. App. 82, 94 [175 Pac. 484]) is an indication of his failure to consider the claim of insufficiency of the evidence to sustain the judgment, when passing on

the motion. It is apparent, however, that the controversial words, uttered subsequent to the determination of the matter, were but mere surplusage and could in nowise affect the decision of the court theretofore made.

It is next contended that the court erred in permitting the prosecution to introduce in evidence a certified copy of a judgment of conviction from the state of Ohio, which appellant insists is not a prison record within the requisites of section 969b of the Penal Code, citing *People* v. *Wilson,* 100 Cal. App. 397 [280 Pac. 137]. In that case the proffered document lacked the certificate of its legal custodian, and with its rejection there remained insufficient evidence to sustain the verdict. But even without the disputed exhibit in the instant case, there still remains an abundance of uncontroverted testimony of the previous conviction, and the error, if any, by reason of its admission was rendered harmless.

Finally, it is insisted that section 969b of the Penal Code, which was added to the code in the year 1931, and which provides in substance that for the purpose of establishing *prima facie* proof of a prior conviction that records or copies thereof of any state or federal penitentiary, where a person has been imprisoned, may be introduced as such evidence, offends the Constitution of the state of California.

In this regard appellant first assails the section as constituting special legislation regulating the courts of justice (sec. 25, subd. 3, art. IV) in that it permits the proof of an element of the *corpus delicti* by hearsay testimony. Such a construction, however, would ignore the well-established rule recognized by courts, both state and federal, that the legislature has the power to change rules of evidence and to create presumptions. (*People* v. *Bullock,* 123 Cal. App. 299 [11 Pac. (2d) 441]; *People* v. *Osaki,* 209 Cal. 169 [286 Pac. 1025].) In the latter case, which involved the construction of a legislative change affecting the rules of evidence as to certain presumptions and the burden of proof respecting alienage, after an exhaustive review on the subject, the court said in part at page 187: " ' "Legislation providing that proof of one fact shall constitute *prima facie* evidence of the main fact in issue is but to enact a rule of evidence, and quite within the general powers of government. Statutes, national and state, dealing with such methods of

proof in both civil and criminal cases abound, and the decisions upholding them are numerous . . . " " ' " Under these authorities it is manifest that the prosecution in the instant case, pursuant to the terms of the disputed section, by the introduction of the prison record, merely created a lawful presumption.

The contention is further made that as proof of the prior conviction was not made by witnesses confronting him, the defendant was deprived of the right of due process of law by the said section. This is contrary to the rule announced in *People* v. *Bullock, supra,* in the favorable construction of a portion of section 476a of the Penal Code, which made provision for a class of evidence similar to that contained in said section 969b of the same code, where the court said (p. 302): "In the case of *Casey* v. *United States,* 276 U. S. 413, at page 418 [72 L. Ed. 632, 48 Sup. Ct. Rep. 373], it is said in this connection: 'It is consistent with all the constitutional protections of accused men to throw on them the burden of proving facts peculiarly within their own knowledge and hidden from discovery by the government.' "

Although the right of a defendant to be confronted by witnesses is fundamental, it is not expressly guaranteed by the Constitution of this state, and the provisions of the sixth amendment to the federal Constitution are not applicable here (*People* v. *Wilson,* 26 Cal. App. 336 [146 Pac. 1048]). The right in this state is guaranteed by section 686 of the Penal Code, and the defendant can be deprived of the same only by statutory authority to the contrary. (*People* v. *Ward,* 105 Cal. 652 [39 Pac. 33].) Section 969b of the Penal Code falls squarely within the category of legislation of this character.

It is finally urged, in this connection, that the section is discriminatory in contravention of article I, section 21, of said Constitution, by placing such a burden of proof upon persons accused of this particular offense. In this regard, however, it cannot be questioned that the provision, as a rule of evidence, applies with equal effect to all persons who are compelled to overcome the same. We are of the opinion that the classification occasioned by the terms of the statute is a reasonable and natural one. (See *People* v. *Nakamura,* 125 Cal. App. 268, 281 [13 Pac. (2d) 805].)

The judgment and order denying defendant's motion for a new trial are affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 30, 1933.