[Crim. No. 709.   Fourth Dist.   Mar. 23, 1948.]

THE PEOPLE, Respondent, v. SAM CALDERONE, Appellant.

T. T. Crittendon and G. A. Malette for Appellant.

Fred N. Howser, Attorney General, Frank Richards, Deputy Attorney General, James Don Keller, District Attorney, and Roland F. DeFere, Deputy District Attorney, for Respondent.

MARKS, J.—Defendant was convicted of the crime of conspiracy to commit robbery and was sentenced to confinement in the penitentiary. After sentence was pronounced he was returned to the court which then found that the robbery involved was in the first degree.

Allen Smith Renick, Joseph Rock and defendant were jointly charged with conspiracy to commit robbery. The evidence shows they met on a street in the city of San Diego on July 2, 1947, and agreed to rob the office of the San Diego Gas and Electric Company in National City on the morning of Monday, July 9, 1947. Renick was an employee of the company. He was to obtain a key to the office so that entry could be made by Rock and defendant, because Renick was known and would have been recognized by other employees. The entry was to be made at an early hour, and when employees arrived and had opened the safe the two were to complete the robbery.

The three were jointly charged with the conspiracy, and Renick and Rock, after pleading guilty, testified for the People. Defendant denied the conspiracy and denied having any connection with carrying it out. We gather from the testimony of Renick and Rock that Renick in his own automobile picked up Rock and defendant at their respective hotels in San Diego between 6 and 7 o'clock on the morning of July 9th, and that the three drove to National City. Rock and defendant, using the key furnished by Renick, entered the rear door of the office at about 7:30 a. m., and waited in a rear room until several employees arrived, the employees entering through the front door. Defendant remarked that there were too many employees present and he and Rock left through the rear door and joined Renick in his automobile which was parked about a block and a half away. After the car had proceeded four or five blocks, defendant took off a coat, hat, gloves and dark glasses and left them in the car when he alighted from it. Renick and Rock were arrested shortly thereafter. Officers found the coat, hat, gloves and dark glasses in the car. They also found a loaded revolver in the glove compartment. Rock and defendant denied any knowledge of this weapon. There is no evidence to the contrary and nothing to indicate that either of them was armed with any weapon when they entered or departed from the office. The revolver had not been removed from the glove compartment by any of the conspirators.

Renick testified that he went to the hotel in San Diego in which defendant was living, before 7 o'clock on the morning of July 9, and asked the clerk to call defendant; that Renick then left the hotel and that defendant joined him about ten minutes later. The hotel clerk testified to the request of Renick, the telephone to defendant's room and that defendant came into the lobby a few minutes later and left the hotel. He could not fix the date of this occurrance other than it was some time during the first two weeks of July.

Mary Jane O'Shea was one of the employees of the San Diego Gas and Electric Company who entered the front door of the office on the morning of July 9th. She testified that she saw the rear door closing and went to it and tried to open it; that it was held on the outside; that she finally jerked it open and saw two men on the other side; that one of them resembled defendant in size and coloring; that he wore a coat, hat, gloves and dark glasses; that the coat found by the of-

ficers in the Renick car resembled the coat worn by this man and that the hat was similar.

■ Defendant suggests there was no sufficient corroboration of the testimony of the accomplices. This is without merit as all that is required is that the corroborative evidence "tend to connect the defendant with the commission of the offense" (Pen. Code, § 1111; *People* v. *Morton,* 139 Cal. 719 [73 P. 609]) and it is not required that such evidence establish defendant's guilt independent of the testimony of the accomplice. Here the corroborative evidence sufficiently connected defendant with the commission of the crime.

■ Renick and Rock were permitted to testify before other evidence was introduced. Defendant objected to their testimony at that time. The objections were overruled with the express provision that counsel might move to strike their testimony in the event that other evidence failed to connect defendant with the offense charged. No such motion was made and the other evidence sufficiently connected defendant with the entry. Order of proof is usually a matter within the discretion of the trial court and we find no error in the rulings of the trial court in this respect.

■ During the course of its deliberations the jury returned to the court and asked for further instructions. During the colloquy that followed the trial judge remarked that "It is the duty of jurors to agree on a verdict if they can do so without *doing violence* to their own individual conscience." (Emphasis ours.) A juror then said: "May I ask what you mean by great violence to our conscience, and how great is the violence?" The trial judge then re-read an instruction which contained the following: "It is the duty *to* (of) jurors to deliberate and consult together with a view to reaching an agreement if they can without violence to their individual understanding of the evidence and the law as given you in instructions by the Court."

As thus modified and explained, we do not believe the first quoted language of the trial court was prejudicial to defendant.

■ Defendant, Renick and Rock were charged with conspiracy to commit robbery without specifying the degree of the robbery. Renick and Rock entered pleas of guilty and the jury found defendant guilty as charged without specifying the degree of the robbery.

The reporter's transcript shows that defendant was first sentenced to confinement in the state penitentiary for the term prescribed by law and that the degree of the attempted robbery was not then determined nor was it determined by the verdict. It further appears that later the same afternoon defendant was returned to court and the trial judge amended the prior judgment as follows: ''It is the judgment of the Court that the conspiracy of which the defendant here stands convicted was for the purpose of committing a first degree robbery. The degree of the offense of conspiracy involved in this case and of which this defendant stands convicted is therefore fixed at this time by the Court as first-degree conspiracy.''

The defendant now complains of this procedure and urges that there was no power in the trial court to change the judgment once pronounced on defendant. As the only change made was to fix a degree of the crime, this argument is answered by the case of *People* v. *Hammond*, 26 Cal.App.2d 145 [78 P.2d 1172]. In that case the defendant was sentenced to life imprisonment but the trial court failed to fix the degree of the murder of which he was convicted. It was there held that the court might fix the degree of the murder 20 years after the conviction and sentence. A hearing was denied by the Supreme Court.

■ Conspiracy is not divided into degrees (Pen. Code, § 182) so the trial court's finding that defendant was guilty of conspiracy in the first degree was unwarranted and should be disregarded as surplusage. ■ The only importance of the finding that defendant conspired with others to commit robbery in the first degree is to aid in determining his minimum sentence.

Section 182 of the Penal Code fixes the penalty for conspiracy to commit a felony at the same punishment, which is prescribed for the felony. Section 213 of the Penal Code fixes the penalty for robbery in the first degree at imprisonment in the state prison for not less than five years and for robbery in the second degree for not less than one year.

The attorney general argues that the portion of the amended judgment finding defendant guilty of the robbery which he conspired to commit was robbery *in the first degree,* is surplusage and may be disregarded as such for the reason that the trial court does not determine the term of imprisonment. (Pen. Code, § 1168.) This is fixed by another authority. In

support of this argument he cites *People* v. *Clement,* 97 Cal. App. 238 [275 P. 511].

In the Clement case the appealing defendant, and another, were accused in the first count of an information with robbery in the first degree, and in a second count with conspiracy to commit robbery in the same manner as alleged in the first count, that is robbery in the first degree. The jury found the defendant not guilty of robbery, and guilty of conspiracy to commit robbery as charged in the second count of the information, but did not directly find the degree of the robbery. This was urged as error and in deciding the question it was said:

"Neither was it necessary to fix the degree in order that the term of imprisonment of appellant be known.

"Whether the robbery be first or second degree, the maximum term is the same, to wit: life. (Pen. Code, sec. 213.) The same maximum term, therefore, applies to conspiracy to commit robbery of either degree. By Penal Code, section 182, a conspiracy to commit a felony is made punishable in the same manner and to the same extent as provided for the punishment of the commission of the said felony. The maximum term being fixed and definite, the Indeterminate Sentence Law applies and the prison board has power to fix the sentence of appellant under Penal Code, section 1168. (Citing cases.)

"No minimum term, however, is prescribed by either Penal Code, sections 213 or 182, for conspiracy to commit robbery without regard to degree. Robbery of the first degree is punishable by imprisonment for not less than five years and of the second degree for not less than one year. (Pen. Code, sec. 213.) What the minimum term would be in such a case and where, if at all, it is prescribed, we need not decide upon this appeal."

In the foregoing opinion the fact that section 213 of the Penal Code does provide minimum terms of imprisonment for both degrees of robbery was evidently overlooked.

The correctness of the ultimate decision in the Clement case cannot be questioned under its facts. The defendant was charged with, and found guilty of conspiracy to commit robbery in the first degree. Therefore his minimum sentence was easily ascertainable. (Pen. Code, § 213.) In the instant case the defendant was neither charged with, nor found guilty of robbery in the first degree. The degree of the robbery does not appear in the record other than in the amended judgment

of the court. Therefore, it is incumbent upon us to discuss the evidence bearing on the degree of the attempted robbery involved in the conspiracy.

Section 182 of the Penal Code contains the following: "If two or more persons conspire: 1. To commit any crime, . . . . They are punishable as follows: . . . "

The conspiracy was entered into on July 2, 1947, and there is not one word in the record indicating that the conspirators contemplated armed robbery. Of course, if the overt act on July 9th had been "perpetrated by torture or by a person being armed with a dangerous or deadly weapon . . . " (Pen. Code, § 211a) the failure to contemplate robbery in the first degree in the original conspiracy could avail them nothing.

Rock and defendant made the entry. They were not armed and did not know of the presence of the revolver in the glove compartment of Renick's car. While they are chargeable with all the acts of their co-conspirator we hardly can agree that the presence of the revolver in the glove compartment of the automobile some distance away from the place of entry is sufficient to show that the robbery was "perpetrated . . . by a person being armed with a dangerous or deadly weapon . . . " (Pen. Code, § 211a.) It follows, therefore, that it was not robbery in the first degree. (See *People* v. *Lain,* 57 Cal.App. 2d 123 [134 P.2d 284].)

The judgment and commitment of the trial court, as amended, are modified by striking out the words "of the first degree" following the word "robbery" (Pen. Code, § 1260) and as so modified are affirmed.

Barnard, P. J., and Griffin, J., concurred.