[Crim. No. 2079.   Third Dist.   Oct. 14, 1948.]

THE PEOPLE, Respondent, v. GEORGE HOUSTON,
Appellant.

12

H. S. Clewett, P. H. McCarthy, Jr., F. Nason O'Hara and Herbert Johnson for Appellant.

Fred N. Howser, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

THOMPSON, J.—The appellant was charged under section 245 of the Penal Code, by an amended information filed in Butte County, with an assault with a deadly weapon, to wit, a knife, and with three prior convictions of felonies and the serving of sentences therefor in state or federal prisons. The first prior felony was for "larceny after trust and grand larceny," committed in the District of Columbia. The second prior felony was for perjury committed in the same jurisdiction, with an allegation that he served sentence therefor, and the third prior felony was for "the crime of cow stealing, a felony," committed in Louisiana. The defendant pleaded not guilty of the principal offense of an assault with a deadly weapon. He admitted that he had been convicted of each of the prior offenses, and that he served sentences in a federal prison for the first two alleged prior felonies. While he admitted conviction of the Louisiana charge of stealing a cow, he claimed that the judgment in that case was suspended. He was tried with a jury on the chief issue of an assault with a deadly weapon, and also on the issue of having served sentence in Louisiana State Prison for the former felony of stealing a cow. Separate verdicts were returned against him on both issues. The court accordingly determined that the

defendant had been duly convicted of the principal offense of assault with a deadly weapon, and of two former felonies, for each of which he served sentence in a federal or state prison, to wit, the former felony of perjury committed in the District of Columbia, and the stealing of a cow in Louisiana. Judgment was pronounced against him for the principal crime of assault with a deadly weapon, and the two prior convictions of perjury and the stealing of a cow, which are felonies. He was therefore found to be an habitual criminal under the first paragraph of section 644 of the Penal Code. He was sentenced to state prison for the term prescribed by law. A motion in arrest of judgment and for a new trial were denied. From the judgment and orders this appeal was perfected.

The appellant does not question the validity of the judgment convicting him of the principal offense of assault with a deadly weapon. But he challenges the authority of the court to determine that he is an habitual criminal, because: First, the prior charge of ''larceny after trust,'' according to the statute of the District of Columbia, may be for the stealing of property of a minimum value of $35, and since the value of the property stolen does not appear in this record, we must assume he was convicted on that charge of only a misdemeanor under the statutes of California; second, the evidence fails to show that he served sentence in a federal prison for the prior offense of perjury; third, there is no evidence to support the alleged serving of sentence for the prior charge of stealing a cow in Louisiana, since the certified record of his imprisonment in that state, which was admitted in evidence, without objection, as Exhibit 5, duly sworn to and acknowledged by the warden before a notary public, lacked due authentication since it did not contain the seal of the court, or the certificate of the secretary of state.

We are convinced the defendant was duly convicted and sentenced for the principal offense of assault with a deadly weapon, and that he was properly adjudged to be an habitual criminal under the first paragraph of section 644 of the Penal Code, having suffered conviction and having served sentences in federal and state prisons upon two former felonies included therein, to wit, perjury and the stealing of a cow.

The verdict and judgment of guilty of the crime of assault with a deadly weapon is supported by the evidence. Indeed, the appellant does not question the validity of that judgment.

The attorney general concedes that the first alleged prior conviction of "larceny after trust," committed in the District of Columbia, must be deemed to have been a mere misdemeanor under the statute of California, and that it may, therefore, not be considered in determining that the defendant is an habitual criminal. (*In re Wolfson*, 30 Cal.2d 20 [180 P.2d 326].) Grand theft, under section 487 of the Penal Code of California, is the stealing of personal property of a value exceeding $200. Section 98 of the Criminal Code of the District of Columbia defines the crime of "larceny after trust" as the unlawful appropriation of property of the value of $35 or more. We shall therefore disregard the charge of prior conviction of larceny after trust.

The only issues we are called upon to determine are whether there is ample evidence to support the charges of having served sentences for the former convictions of the felonies of perjury and stealing a cow, and whether the court erred in receiving in evidence the prison record of the defendant in the State of Louisiana.

The record in this case clearly indicates that the defendant pleaded guilty to the charge of former conviction in the District of Columbia of "the crime of perjury, a felony" and that "the said defendant served a term of imprisonment therefor in Leavenworth Penitentiary." The information so charged. The defendant was represented by counsel. On arraignment, the information was read to the defendant. He then pleaded *not guilty* to the principal offense of which he was charged. The court then required separate pleas as to the alleged prior felonies as charged. The defendant's attention was called to the first alleged prior felony, which had just been read to him, and which specifically charged that he had served sentence therefor at "Leavenworth Penitentiary" and he was asked "Is that true?" to which he replied "Yes, sir." The same formal question was asked regarding the charge of perjury, in the District of Columbia, which had just been read to him, in which the information alleged that he had "served a term of imprisonment therefor at Leavenworth Penitentiary." The court then said, "Is that true?" to which the defendant replied "Yes, sir." When the defendant was asked if he had served sentence on the last charge of former conviction of "stealing a cow," in Louisiana, he replied, "No, sir, I got a suspended sentence out of it." The plea of not guilty to that last charge of serving sentence for stealing a

cow, was then entered. There could have been no misunderstanding by the defendant or his attorney regarding the defendant's pleas or admissions with respect to serving sentences for the prior felonies charged. Following the previously mentioned proceedings, Mr. Leonard, the district attorney, stated in open court that the prosecution "has *no further burden of proof* on the first two [prior charges] and does have the burden of proof on the last one, is that correct?" The court said "Yes." Mr. Leonard then said, "That [the plea of not having served sentence on the last charge of stealing a cow] *is the only one in issue.*" Mr. Clewett, the defendant's attorney, confirmed his understanding to that effect, by then stating, "That is the only one in issue."

Regarding the prior charge of perjury, the defendant personally and clearly admitted that he had been convicted and that he served imprisonment in the Leavenworth Penitentiary therefor. When an information definitely charges the defendant with a specified former conviction of a felony, and with having served imprisonment therefor in a federal or state prison, and upon arraignment and the reading of the information to him, he admits, without reservation, that he is guilty thereof, in the absence of an issue of his sanity or lack of understanding it must be assumed the defendant knowingly admitted that he served the sentence as charged in the information. To determine otherwise would be quibbling with the facts. (*In re Valenzuela*, 71 Cal.App.2d 198, 200 [162 P.2d 301].) It has been held that when the information charges a prior conviction of a felony, *but fails to allege that the defendant served sentence therefor*, his admission of the conviction *as charged* furnishes no evidence that he actually served imprisonment therefor. (*In re Gilliam*, 26 Cal.2d 860, 866 [161 P.2d 793].) But that is not the record in this case. The authorities relied upon by the appellant in that regard are all distinguishable on the fact that in such cases the serving of sentence was not alleged and therefore not admitted. We conclude there is ample evidence that the defendant served sentence for the crime of perjury, as charged.

The evidence is sufficient to support the verdict of the jury and the judgment that the defendant suffered a former conviction in Louisiana for stealing a cow, and that he served imprisonment therefor in the Louisiana State Penitentiary. Under section 487 of the Penal Code of California, the stealing of a cow constitutes grand theft. The third para-

graph of that section provides that when the property taken is an automobile, horse, mare, gelding, any *bovine animal*, etc., it constitutes grand theft. The dictionary defines a bovine animal as an ox or a cow. (5 W. & Ph. (perm.ed.), p. 737; *State* v. *Dist Court of Fifth Jud. Dist.*, 42 Nev. 218 [174 P. 1023, 1025].)

On cross-examination the defendant admitted that he had served imprisonment upon conviction of the theft of the cow, which was the only theft with which he was charged. For the purpose of impeachment, after a long examination in chief, on the principal charge of assault with a deadly weapon, he was asked, ''Didn't you testify the first time you had been convicted of a felony was in 1939, . . . When Mr. Clewett asked you'' to which he replied, ''He asked me about *the theft* [of the cow], that is what I was saying, *I went in* [to the penitentiary] *in 1936, and came out in 1939.*'' (Italics added.) He was then asked, ''Were you also convicted of cow stealing in Calcasieu County, Louisiana, and sentenced to the Louisiana State Penitentiary?'' to which he replied, ''I just answered that one, yes.'' The Louisiana penitentiary record, which was received in evidence, without objection, and marked People's Exhibit number 5, confirms the preceding admission of the defendant. It shows that he was convicted of stealing a cow, on October 26, 1935, and sentenced to the state penitentiary for a term of from 15 to 45 months; that he was received in prison November 2, 1935, and discharged August 2, 1939. That substantially conforms to defendant's statement that ''I went in in 1936, and came out in 1939.'' The evidence of the prison record is therefore merely cumulative proof of that admission of service of sentence.

The court did not err in receiving as evidence People's Exhibit number 5, being the prison record of defendant's imprisonment in the Louisiana State Penitentiary upon conviction October 26, 1935, of the crime of stealing a cow. It is signed by the warden of that penitentiary. The record is certified to by the warden, as custodian of the record, and sworn to by him before a notary public under seal. It is not certified by the secretary of state or other officer, pursuant to section 1918, subdivision 7, of the Code of Civil Procedure. But it was certified to by the warden having custody of the prison record as required by section 969b of the Penal Code. It was received in evidence without objection. Even though the prison record was not competent evidence of defendant's

imprisonment for the reason that it was not certified to by the secretary of state or other officer as required by section 1918, subdivision 7, of the Code of Civil Procedure, and that its competency was not waived by failure to object to the evidence, which we do not concede, that evidence was not prejudicial. (*People* v. *Beatty,* 132 Cal.App. 376, 379 [22 P.2d 757].)

We are of the opinion the defendant in this case waived the objection to the competency of the prison record of a prior conviction of felony and service of sentence in the State of Louisiana, by failing to object to its offer. It has been uniformly held that the competency or admissibility of evidence may not be raised for the first time on appeal, and that, when it has been admitted at the trial without objection, it may be considered in support of the judgment. (*People* v. *Willis,* 30 Cal.App.2d 419 [86 P.2d 670] ; *People* v. *Kelly,* 77 Cal.App.2d 23 [174 P.2d 342] ; *People* v. *Simmons,* 28 Cal. 2d 699, 723 [172 P.2d 18] ; *Holzer* v. *Read,* 216 Cal. 119, 123 [13 P.2d 697] ; *People* v. *d'A Philippo,* 220 Cal. 620, 625 [32 P.2d 962] ; 2 Cal.Jur. § 82, p. 263 ; 4 Cal.Jur. 10-yr. Supp. § 616c, p. 1046.) It has also been held that an objection to the competency of testimony must be made at the trial, and cannot for the first time be raised on motion for new trial. (*Clark* v. *Gridley,* 35 Cal. 398 ; 10 Cal.Jur. § 111, p. 824.)

In support of his contention that the court erred in receiving in evidence the verified copy of his prison record in Louisiana, he relies on the case of *People* v. *Foster,* 3 Cal.App. 2d 35 [39 P.2d 271]. What is said in that case regarding the competency of an unauthenticated prison record of a former conviction of the defendant in another state, is inapplicable to the facts of this case. No preliminary foundation was laid in that case. Although that opinion does not so state, an examination of the record discloses the fact that the prison record was received in evidence over the strenuous and repeated objections of the defendant that it was incompetent, irrelevent, immaterial, hearsay, and that "the proper foundation [for its reception] *has not been laid.*" (Italics added.) Unlike that case, no objection of any character was made in this case to the introduction of the prison record.

Likewise, in the case of *People* v. *Darling,* 120 Cal.App. 453 [7 P.2d 1094], wherein an unauthenticated record of a former conviction of felony in another state was held to be improperly admitted in evidence, the defendant fully pre-

served his right by objecting to the record on the ground that there was "nothing to show that the person making the certificate was the legal custodian of the original of such record." All that the court there held was that "their reception in evidence *over objection* was prejudicial error." (Italics added.)

We conclude there was sufficient competent evidence in this case of defendant's former convictions and service of sentences in federal and state penitentiaries for the two crimes of perjury and stealing a cow. The court therefore properly adjudged the defendant to be an habitual criminal under the provisions of the first paragraph of section 644 of the Penal Code.

For the foregoing reasons the motions in arrest of judgment and for a new trial were properly denied.

The judgment and the orders are affirmed.

Adams, P. J., and Peek, J., concurred.