[Crim. No. 836.   Fourth Dist.   Nov. 15, 1951.]

THE PEOPLE, Respondent, v. CHARLES H. BOWEN, Appellant.

A. D. Christensen for Appellant.

Edmund G. Brown, Attorney General, and Dan Kaufmann, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendant was charged with making, drawing, uttering and delivering a check with intent to defraud, knowing that he did not have sufficient funds or credit with the bank to meet the check. He was also charged with four priors, the first for forgery in 1941, and the other three on bad check charges committed in 1944, 1946 and 1947, respectively. He pleaded not guilty, but admitted the four prior convictions. A jury found him guilty, and he appeals from the judgment.

On December 19, 1950, the appellant's wife purchased groceries at a Safeway store in Fresno, paying for them with a check drawn on a branch of the Security First National Bank which was located across the street from the store. The check was dated December 19, 1950, was payable to her, and was signed by the appellant. The store manager deposited the check in the bank the next day and the bank returned it on the morning of December 21, for the reason that there was no such account in the bank. When interviewed on that day by the store manager the appellant promised to get and pay the money that day or the next. He failed to do so and the manager swore out a complaint on December 27.

The appellant first contends that the evidence is insufficient to support the judgment. It is argued that the evidence fails to show that he wrote this check; that it came into the hands of this store; that he intended to defraud the store or the bank; or that he did not have an arrangement for credit with this bank on December 20, the day the check was presented to the bank.

A deputy sheriff testified that the appellant told him that he had written this check and appellant's counsel, in his argument to the jury, stated that there was no question that the appellant had written it, arguing that a wrong blank must have been used by mistake, and that there had been no intent to defraud. The manager of the store identified the check and testified that on December 19, the appellant's wife asked him to o.k. this check as she wanted to buy groceries; that the check was drawn on the bank across the street and he o.k.'d it by initialing it; that he deposited the check in the bank on December 20, and that the bank returned

it to him the next day with an attached notation to the effect that there was "no such account." The manager of this bank testified that Charles H. Bowen had no checking account on that bank on December 19, 1950, or before or after that date; that he had made no credit arrangement with that bank on December 19, 1950, or previous to that time; and that he had never, at any time, had an account or any credit arrangement at that bank. With respect to the intent to defraud, the evidence clearly discloses that the check was drawn by the appellant with full knowledge that he had no account in or credit arrangement with this bank; that he delivered it to his wife to purchase groceries; and that the appellant failed to keep his promise to make the check good. There was also evidence, introduced on the question of intent, that on December 21, 1950, the appellant passed another check drawn on the same bank at a cleaning establishment, which check was returned for the same reason. The appellant did not take the stand and offered no evidence in his own behalf. While an attempt was made, on cross-examination, to create the impression that a check on the wrong bank had been used by mistake, there was no sufficient evidence to support such a theory, and for obvious reasons it was not accepted by the jury. The verdict and judgment are amply supported by the evidence.

██ It is next contended that the court erred in permitting the prosecution to reopen its case for the purpose of taking further testimony. After the prosecution rested, the appellant moved for an advisory verdict on several grounds. In considering this motion it was discovered that proof of the fact that the appellant had written this check had been overlooked. The court granted the prosecution's motion to reopen its case and a witness was then called, and the error was remedied. The matter was well within the discretion of the trial court (*People* v. *Berryman*, 6 Cal.2d 331 [57 P.2d 136]), and no new issue was brought into the case which could have surprised or prejudiced the appellant. No good reason appears why a reversal should be had for the purpose of correcting an error which could be, and was, corrected at the trial.

██ The appellant makes two claims of prejudicial misconduct on the part of the district attorney, one during the presentation of evidence and one during his argument to the jury. It is first contended that he wrongfully inflamed the minds of the jury by trying to get certain checks in evidence, knowing that he was unable to prove that they had been

returned because of insufficient funds. While the appellant admits that the record does not disclose the acts of which he complains, it is argued that the district attorney displayed certain checks in the presence of the jury; that it was apparent to appellant's counsel that the prosecution was getting ready to introduce checks which were inadmissible; and that counsel was thus required to ask to have the jury excused. The first thing disclosed by the record in this connection is that appellant's counsel asked to have the jury excused, stating that "he has presented to me a document which he says he intends to offer, which I feel, on a legal point, is not admissible." The jury was excused and a discussion took place between court and counsel with respect to "another check" which the prosecution desired to introduce for the purpose of showing intent. This check was later admitted in evidence for that purpose, being the one given to a cleaning establishment above referred to. Neither misconduct nor prejudice appears.

In the other instance the district attorney referred in his argument to the fact that the appellant had not taken the stand and said: "Bowen did not give you his story. He did not because I could have impeached him, or at least I could have asked him——." At that point appellant's counsel objected. The court promptly reprimanded the district attorney and instructed the jury to disregard the statement. While the statement should not have been made its effect was nullified by the prompt action of the court, and it cannot be held that sufficient prejudice appears to require a reversal.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.