[Crim. No. 4789.   Second Dist., Div. One.   Aug. 14, 1952.]

THE PEOPLE, Respondent, v. CHESTER L. JENSEN, Appellant.

William W. Larsen for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

DORAN, J.—Appellant was charged by information with the violation of the Dangerous Weapons Control Law of 1923 and in a separate information appellant was jointly charged with one Howard Jensen in two counts.  In count one defendants were accused of grand theft, and in count two with a violation of section 503 of the Vehicle Code.  It was further alleged that each defendant had been previously convicted of a felony.

The cause was submitted by stipulation on the transcript of the preliminary examination, a jury having been duly waived.

The defendant was adjudged guilty and the charge of prior conviction was found to be true.

The appeal is from the judgment in both cases.

It is contended on appeal that the "verdicts" in both cases are against the evidence and the law.

Appellant argues, "It is respectfully contended that there was no proof before the trial court in respect to the allegation that the appellant had theretofore been duly and legally convicted of a felony, to wit: The crime of violation of section 408, title 18 of U. S. Code A." In this connection appellant relies on *People* v. *Foster,* 3 Cal.App.2d 35 [39 P.2d 271]. But as pointed out by respondent, "It is submitted that the appellant is in no position to raise this particular objection at this time for he did not make any such objection in the trial court, and the case of *People* v. *Foster* upon which he relies was sufficiently distinguished in the case of *People* v. *Houston,* 88 Cal.App.2d 11 [198 P.2d 53]." The record in evidence, in the absence of objection, was sufficient.

As to the contention with regard to the sufficiency of the evidence as to the possession of the firearm, that was a question for the trial court to determine. A review of the record reveals that there is substantial evidence, both direct and circumstantial, to support the judgment in this regard.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.