[Crim. No. 5231.   Second Dist., Div. Three.   Nov. 12, 1954.]

THE PEOPLE, Respondent, v. VELMA CRAWFORD, Appellant.

Cary G. Branch for Appellant.

Edmund G. Brown, Attorney General, and Jay L. Shavelson, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—Defendant was charged with violation of section 11500 of the Health and Safety Code, in that, he did unlawfully have in his possession flowering tops and

leaves of Indian Hemp. It was also alleged in the information that defendant had been convicted previously of violating said section, and that he had served a term of imprisonment therefor in the state prison. Defendant denied the allegation regarding the prior conviction. Trial by jury was waived. Defendant was adjudged guilty as charged in the information, and it was found that the charge of prior conviction was true. Defendant's application for probation was denied and he was sentenced to imprisonment in the state prison. Defendant appeals from the judgment.

There is no contention on appeal regarding the charge of violation of said section. The contention herein is that the evidence is insufficient to support the finding that the allegation regarding a prior conviction is true.

On February 21, 1954, about 1:15 a. m., police officers observed appellant driving an automobile on the Romona Freeway in an erratic manner. They stopped appellant and gave him a sobriety test, and then placed him under arrest on a charge of violating section 502 of the Vehicle Code (driving while under the influence of intoxicating liquor). At the police station they searched appellant's person and clothing and found a marihuana cigarette in the inside band of appellant's hat.

After the witnesses who were called by the People had testified, the deputy district attorney said: "If the Court please, the people offer at this time by reference, Superior Court File 129193, Information B thereof, which shows that Velma Crawford, V-e-l-m-a C-r-a-w-f-o-r-d, was convicted of the crime of violation of Section 11,500 of the Health & Safety Code, possession of marijuana." The judge said: "So marked. That will be Exhibit 5 by reference."

Appellant asserts that the statements of the deputy district attorney as to what the file contained were not testimony but were mere conclusions; that the only part of the file offered in evidence was "Information B," and that an information could not show a conviction; that the offer did not include a statement as to whether the file was from a court in this state or a foreign jurisdiction; that in order to prove an original record there must be a foundation laid for its introduction and some identification of the record. The deputy district attorney, in making the offer, stated that he offered the file, Information B thereof. The offer was not limited to Information B. The offer is to be interpreted as an offer of the file, with particular reference to the charge

in Information B. A reference to the file shows that there were two defendants in that case, that the charges against them were in separate informations, and that the defendants had separate counsel and separate trials. Information B in that file set forth the charges against the defendant therein referred to as Velma Crawford. Said file also shows that the Velma Crawford therein referred to pleaded guilty to a charge of violating section 11500 of the Health and Safety Code, and that he was sentenced to imprisonment in the state prison. Appellant herein does not assert that he is not the Velma Crawford referred to in that file. ██ Identity of person may be presumed from identity of name. (*People* v. *Williams*, 125 Cal.App. 387, 388 [13 P.2d 841]; Code Civ. Proc., § 1963, subd. 25.) ██ Furthermore, the file in that case shows that in the application for probation therein, signed by the Velma Crawford referred to therein, it was stated that Velma Crawford is a Negro, was born in Texas on April 20, 1925, and that his father's name was Jesse and his mother's name was Jamime. There were identical statements in the application for probation herein, signed by appellant herein. It is significant that appellant, who was a witness in his own behalf, did not assert that he is not the Velma Crawford referred to in that case. Appellant and his counsel were present, of course, at the time the offer was made and the file was received in evidence. No objection was made at that time as to the admissibility of the file or any part thereof. If there was any question as to the admissibility of the file it should have been raised in the trial court. ██ "It has been uniformly held that the competency or admissibility of evidence may not be raised for the first time on appeal, and that, when it has been admitted at the trial without objection, it may be considered in support of the judgment. [Citations.]" (*People* v. *Houston,* 88 Cal.App.2d 11, 17 [198 P.2d 53]; see also *People* v. *Jensen,* 112 Cal.App. 2d 668, 669 [247 P.2d 135].)

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.