[Crim. No. 6847.   Second Dist., Div. Two.   Feb. 16, 1960.]

THE PEOPLE, Respondent, v. WILLIAM EDWARD POMPA, Appellant.

David C. Marcus for Appellant.

Stanley Mosk, Attorney General, and S. Clark Moore, Deputy Attorney General, for Respondent.

HERNDON, J.—Convicted in a nonjury trial of illegal possession of narcotics, appellant brings this appeal from the judgment and from the order denying his motion for a new trial. The questions presented on this appeal are: (1) whether the evidence was sufficient to support the judgment, and (2) whether the court erred (a) in the receipt of evidence, (b) in denying appellant the right to inquire into the validity of a search warrant, and (c) in permitting the district attorney to reopen the direct examination of a witness for the prosecution in order to establish probable cause for appellant's arrest, regardless of the validity of the search warrant. We conclude that the judgment is well supported and that no prejudicial error has been shown.

The sufficiency of the evidence to show probable cause for appellant's arrest and to support the judgment will be shown by a short résumé of the uncontradicted testimony adduced at the trial. ▮▮▮ In July of 1958, a deputy assigned to the narcotics detail met one Frankie who went to the front entrance of appellant's house and, after speaking with a male person who emerged therefrom, returned and sold the deputy some marijuana. In the following October, the same deputy attempted to purchase narcotics directly from appellant. When the officer asked appellant whether he had any heroin, appellant replied that he might have some the following day, and, if he wanted, to come back. On December 3, another deputy observed one Martinez go to appellant's house, meet with appellant and then drive away; when Martinez was arrested a few minutes later, a package containing heroin was found. A search warrant was obtained for the search of appellant's residence and a group of officers from the narcotics detail returned in the afternoon of the same day. Upon searching the house, they found a paper bag containing marijuana debris, several small paper bags commonly used as containers in the sale of marijuana and two packages of "zigzag" cigarette paper. Marijuana seeds were found scattered around outside and underneath appellant's house. A search of a shed between appellant's premises and the home of two codefendants, and the vicinity thereof, netted a quantity of heroin and some gelatine capsules. Finally, officers searching a trunk outdoors, which may have belonged to two codefendants, found numerous small bags, containing marijuana or marijuana debris.

In the recent case of *People* v. *Valenzuela,* 174 Cal.App.2d 759, 762-763 [345 P.2d 270], this court held that knowledge of

the presence and narcotic character of contraband and possession thereof might be inferred from circumstantial evidence and that control thereof might be inferred from its presence in a place to which the accused and others had joint access. And in *People* v. *Montes*, 146 Cal.App.2d 530 [303 P.2d 1064], it was held that the discovery on the accused's premises of a druggist's scale containing fragments of marijuana and the presence of a vial of marijuana outside but near the defendant's house were sufficient to sustain a conviction of possession of narcotics. The evidence in the case at bar was thus more than ample to support the conviction.

■■■ Appellant further contends that the trial court erred in admitting the evidence regarding the July transaction with "Frankie," the circumstances surrounding the arrest of Martinez and the statement by Martinez that he had purchased heroin from appellant. We find no error in these rulings. The statement by Martinez, while admittedly hearsay was admitted, not to prove the substantive offense, but solely to show probable cause for the search of appellant's premises. The remaining evidence was properly admitted for the same pur-
■■■■ ■■] Objections raised by appellant regarding the remoteness in time or the persuasiveness of this evidence go to the question of its weight rather than to its admissibility. All of this evidence tended, in some manner and to some degree, to show that narcotics were being sold by someone on appellant's premises. So long as it constituted some link, however small, in the chain of evidence tending to establish appellant's guilt, it was not irrelevant and its weight was a question to be determined by the trier of fact. (*People* v. *Adamson*, 27 Cal.2d 478, 485 [165 P.2d 3]; *People* v. *Billings*, 34 Cal. App. 549, 552-553 [168 P. 396].)

Appellant's next contention is that the trial court erred in refusing to permit him to attack the validity of the search warrant under which evidence was seized and the sufficiency of its supporting affidavit. It is unnecessary for us to decide the issues of law tendered by this assignment, because, even if it were assumed that the trial court erred in precluding appellant's attack on the search warrant, he was not prejudiced thereby, since sufficient probable cause existed for the search regardless of the validity of the warrant.

■■■ The following evidence was adduced at the trial on the issue of probable cause for appellant's arrest and search in addition to that heretofore recited. In July, 1958, a deputy

assigned to the narcotics detail was informed by one Lopez, whose information had in the past led to at least three arrests and convictions, that appellant was selling marijuana from the first house south of Brooklyn on Indiana Street on the west side of the street. In August or September, one Riza, whose prior information had resulted in at least one arrest and conviction, told the deputy that appellant was selling heroin and marijuana from his residence on Indiana Street, and pointed out appellant's house. In November, one Cadillo, who had previously given information leading to at least two arrests and convictions, told the deputy that appellant was "dealing quarters and halves" from his location and that appellant had a large amount of marijuana and heroin. And on December 3, 1958, when Martinez was arrested after having been at appellant's Indiana Street address, he informed the deputy that he had just purchased $50 worth of heroin from appellant. This evidence was more than ample to support appellant's arrest and the search of his person and premises.

Finally appellant contends that the trial court erred in permitting the district attorney to reopen the direct examination of a prosecution witness in order to adduce the above recited additional evidence, the effect of which was to show that the arrest of appellant and the search of his premises were justifiable, legal and proper, regardless of the existence of a valid search warrant. The contention is without merit.

It is well settled that it is within the discretion of the trial court to regulate the order of proof and to permit a case to be reopened for further testimony. (*People* v. *Griffin,* 98 Cal.App.2d 1, 47 [219 P.2d 519] ; *People* v. *Calderonc,* 84 Cal. App.2d 513, 517 [191 P.2d 75] ; *People* v. *Oxnam,* 170 Cal. 211, 215 [149 P. 165] ; *People* v. *Booth,* 72 Cal.App. 160, 165 [236 P. 987] ; *People* v. *Beatty,* 132 Cal.App. 376, 378 [22 P.2d 757] ; *People* v. *Bowen,* 107 Cal.App.2d 558, 560 [237 P. 2d 318] ; *People* v. *Coleman,* 100 Cal.App.2d 797, 804 [224 P.2d 837] ; *People* v. *Berryman,* 6 Cal.2d 331, 338-339 [57 P.2d 136].) Appellant has shown neither error nor abuse of discretion in this ruling.

Affirmed.

Fox, P. J., and Ashburn, J., concurred.