[Crim. No. 3878.   Second Dist., Div. Two.   June 8, 1945.]

THE PEOPLE, Respondent, v. WILLIAM A. STONE, Appellant.

Morris Lavine for Appellant.

Robert W. Kenny, Attorney General, and Carl S. Kegley, Deputy Attorney General, for Respondent.

MOORE, P. J.—Appellant was accused by amended information of two felonies, namely: burglary, count 1, and grand theft, count 2. Two prior convictions were charged against him. He pleaded not guilty and denied the prior convictions. Subsequently with the court's consent he withdrew his first plea, plead guilty to the grand theft charge and admitted having served terms in the California State Prison for two burglaries of which he had been convicted August 3, 1921, and December 17, 1924. Following such plea and admissions the court dismissed the charge of burglary and adjudged the defendant guilty of grand theft, adjudicated him an habitual criminal as required by law, (Pen. Code, § 644) and sentenced him to the state prison for the term of his natural life.

This appeal is based upon two assignments, namely: (1) error in finding appellant to be an habitual criminal; (2) error in adjudging appellant an habitual criminal without the taking of any evidence.

The basis of appellant's first contention is that the habitual criminal statute was first passed in 1923 and therefore the court was without jurisdiction to consider the prior conviction of August 3, 1921. The crime of grand theft was committed by appellant on March 12, 1944. On that date the two prior convictions of burglary were ingredients of the habitual criminal statute (Pen. Code, § 644, subd. (a)) and were sufficient basis for correctly adjudicating appellant an habitual criminal.

Subdivision (a) of section 644, in force on the date of appellant's crime of grand theft, reads as follows: "Every person convicted in this State of any felony who shall have been previously twice convicted upon charges separately brought and tried, and who shall have served separate terms therefor in any State prison . . ., of the crime of robbery, burglary, . . . shall be adjudged an habitual criminal and shall be punished by imprisonment in the State prison for life." The statute contains no requirement that the crimes for which the accused has suffered prior convictions must have been subsequent to the enactment of the habitual criminal statute. Section 644 is a legislative directive to the courts to impose a greater punishment upon an habitual criminal than upon a first offender. The proof requisite to a finding that the prisoner at the bar is an habitual criminal is that he must already have been convicted of two or more of the felonies specified in the statute (§ 644) and have served terms in a state prison in expiation of those crimes. No particular period in the world's history is defined as that in which the former crimes must have been committed. The criminal character of a person is established by his repetitious commission of any of the named major felonies without regard to the dates of their occurrences.

The contention that section 644 is an *ex post facto* law has been conclusively rejected. (*People* v. *Biggs,* 9 Cal.2d 508, 512 [71 P.2d 214, 116 A.L.R. 205] ; *In re Rosencrantz,* 205 Cal. 534 [271 P. 902].) The two-time loser is not punished for the former crimes but for the crime of which he is convicted on the third or subsequent trial. The Legislature having the obligation to prescribe penalties for crime, has wisely determined upon this method (§ 644) of attempting to diminish the opportunities for the commission of evil deeds by one whose pattern of life is cut for the felon's career by removing him from the theater of free men.

The case of *People* v. *d'A Philippo,* 220 Cal. 620 [32 P.2d 962], does not sustain appellant's contention. He was tried for felonies committed between April 7, 1930, and April 9, 1931, whereas the two prior felonies alleged, to wit forgeries, had been committed prior to April, 1930. Forgery did not become an ingredient of the habitual criminal statute (§ 644) until August 19, 1931. It requires no extraordinarily high degree of perspicacity to discern that by adjudicating a per-

son in 1932 to be an habitual criminal and sentencing him to life imprisonment on account of forgeries committed over two years before August, 1931, served to increase his punishment for the thefts committed between April, 1930, and April, 1931. Such an application of section 644 operated *ex post facto,* in violation of article I, section 9, clause 3 of the federal Constitution. For that reason the adjudication of d'A Philippo as an habitual criminal was reversed.

Contention that the trial court's judgment is erroneous because it did not take evidence upon the question of the prior convictions is utterly without merit. It is not an arbitrary judgment of the court when it adjudicates a prisoner to be an habitual criminal after he admits in open court two prior convictions for felonies and service of prison terms therefor at the time of his pleading guilty to the felony charged in the pending accusation. The confession of a prisoner at the bar of his guilt as charged as well as of the truth of the allegation of prior convictions is, in the absence of insane delusions, most satisfactory evidence upon which to convict and will support a judgment that he is an habitual criminal. (*People* v. *Nicholson,* 34 Cal.App.2d 327 [93 P.2d 223] ; *In re Boatwright,* 216 Cal. 677 [15 P.2d 755] ; *People* v. *Dawson,* 210 Cal. 366 [292 P. 267] ; *People* v. *Birdsell,* 6 Cal.App.2d 749 [45 P.2d 378].)

Judgment affirmed.

Wood (W. J.), J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 5, 1945.