[Crim. No. 1928. Third Dist. Oct. 11, 1945.]

In re PHILIP VALENZUELA, on Habeas Corpus.

Philip Valenzuela, in pro. per., and Thos. O'Hara for Petitioner.

Robert W. Kenny, Attorney General, Jess Hession, Assistant Attorney General, and James O. Reavis, Deputy Attorney General, for Respondent.

THOMPSON, J.—By means of habeas corpus the petitioner seeks to obtain his discharge from state prison on the ground that he has served a sentence in excess of the maximum term of ten years for the principal offense of manslaughter of which he was convicted, and that the trial court neglected to determine specifically that he is an habitual criminal under section 644 of the Penal Code, although he pleaded guilty as

charged in an information to three prior felonies included in that section, for each of which, it was alleged, he "served a term of imprisonment therefor" in a designated state prison in California. The information, judgment and proceedings are before this court.

The petitioner relies upon two points, either of which, he asserts, entitles him to his discharge. First, he claims there is no evidence that he admitted serving time for the former felonies in a state prison, and, second, that the court failed to specifically adjudge him to be an habitual criminal on account of the former convictions alleged. Both points have been decided adversely to the petitioner.

The petitioner was charged in an information filed February 13, 1934, in Ventura County, with murder, together with three prior felonies, to wit, grand larceny, robbery and burglary. Each charge of prior felony specifically alleged that he served a term of imprisonment therefor in a state prison of California. On February 19th of that year the defendant appeared in court with his attorney for arraignment. The information was then read to him. Upon inquiry, the defendant pleaded not guilty to the charge of murder. With particular reference to each separate charge of prior felonies, upon inquiry the defendant admitted that he suffered such previous conviction. The court asked him, "Did you suffer such previous conviction *as alleged*?" to which he replied, "Yes." It must be assumed he admitted the prior convictions *as charged*. On February 27th the defendant returned into court with his attorney and, by leave of court, he withdrew his former plea of not guilty to the charge of murder, and entered a plea of guilty of the crime of manslaughter. Time for sentence was then waived. The defendant once more admitted his prior convictions of felonies by particular reference to the dates charged in the information. The court then sentenced him to imprisonment in the State Prison at Folsom for the indeterminate term prescribed by law. Judgment of conviction was thereupon entered as required by section 1207 of the Penal Code. That judgment recites the fact that the defendant was convicted of "manslaughter, *with three prior convictions.*" The judgment specifically provides that:

"It is Therefore, Ordered, Adjudged and Decreed that the said Philip Valenzuela be imprisoned in the State Prison of the State of California at Folsom for indeterminate term as prescribed by the statutes of the State of California for the

crime of Manslaughter, *with three prior convictions of felony.*"

In effect, the defendant admitted that he had been previously convicted and served imprisonment in a state prison in California for each alleged prior felony, *as charged in the information.* The defendant, on arraignment in the presence of his attorney, having had the information read to him, including the charges of prior convictions of felonies, each of which specifically alleged that "said defendant served a term of imprisonment therefor in the State Prison" which he admitted, in one instance "as alleged," it must be assumed he understood the charge and admitted that he had served imprisonment in a state prison on each alleged prior conviction. To otherwise determine would be quibbling with the facts. Those admissions of the defendant on arraignment furnish sufficient evidence that he was convicted and served imprisonment in the state prison for the prior felonies and in the manner constituting him an habitual criminal under the provisions of section 644 of the Penal Code. (*In re Gilliam,* 26 Cal.2d 860 [161 P.2d 793].)

In the case of *People* v. *Stone,* 69 Cal.App.2d 533 [159 P.2d 701], it is said in that regard:

"The confession of a prisoner at the bar of his guilt as charged as well as of the truth of the allegation of prior convictions is, . . . most satisfactory evidence upon which to convict and will support a judgment that he is an habitual criminal." (Citing authorities.)

 In effect the court determined that the defendant is an habitual criminal. The record discloses proof that he is an habitual criminal as defined in section 644. The judgment recites the fact that he was so convicted. That section provides that upon proof of definite specified facts showing that the defendant has suffered prior convictions as therein stated he "shall be adjudged" an habitual criminal and shall thereupon be sentenced to imprisonment for life. That result follows as a necessary conclusion. No other adjudication could be rendered. The record shows that this was not an "exceptional case." Paragraph (c) of that section contains an apparently inconsistent provision authorizing the court "in exceptional cases, . . . in its discretion," to affirmatively determine "[within] 60 days after the actual commencement of imprisonment" that "the defendant is *not* an habitual criminal." (Italics added.) That exception to the rule is not involved on this appeal. It requires affirmative action of

the court *in exceptional cases only,* within 60 days. No such action was taken. That limitation of time has expired and the court has no present discretion in that regard. It is apparent from the record in this case that the court assumed it was sentencing the defendant as an habitual criminal. The judgment of the court, which was duly entered in the minutes as required by section 1207 of the Penal Code, and which was certified to by the clerk, so states. It recites that the defendant pleaded guilty to manslaughter and that he had "suffered the three prior convictions (as) alleged." The court then sentenced him to imprisonment in the State Prison at Folsom, for the term prescribed by law "for the crime of Manslaughter, with three prior convictions of felony." The term fixed by section 644 under such circumstances is life imprisonment. No appeal was taken from that judgment. Evidently the court contemplated sentencing the defendant for the crime of manslaughter, together with the three prior convictions of felonies as charged in the information. That judgment is valid and controlling and the petitioner is therefore not entitled to be discharged, notwithstanding the fact that he has already served the maximum term of ten years for the principal offense of manslaughter. The prison board has no judicial authority to determine the crime of which a prisoner has been convicted. But the board has the authority to fix the term of imprisonment based on the judgment of commitment. (*In re Bertrand,* 61 Cal.App.2d 183, 187 [142 P.2d 351].)

Both the Supreme Court and the District Court of Appeal have held that when the evidence as disclosed by the record shows that the defendant is guilty of prior conviction as provided by section 644 of the Penal Code, in the absence of affirmative finding to the contrary in an exceptional case as provided by subdivision (c) of that section, he becomes an habitual criminal and the prison board is then authorized to fix the term of imprisonment accordingly. (*People* v. *Vaile,* 2 Cal.2d 441 [42 P.2d 321]; *In re Basuino,* 22 Cal.2d 247 [138 P.2d 297]; *People* v. *Lyle,* 21 Cal.App.2d 132 [68 P.2d 378].)

In the Vaile case, *supra,* the defendant was convicted of two alleged crimes. He "plead guilty to the three prior convictions of a felony, as alleged in the information." The court failed to specifically adjudge him to be an habitual criminal. The minutes of the court disclosed that the court

merely pronounced sentence as follows: "Whereas the said Alton H. Vaile has been duly convicted in this court of the crimes of lewd and lascivious conduct, and infamous crime against nature, with three prior convictions of felony, it is therefore ordered . . . that [he] be punished by confinement in the State Prison." The Supreme Court said the court should include in its judgment a formal adjudication that the defendant is an habitual criminal. It, however, added:

"But the omission of such formal adjudication in a final judgment would not vitiate said judgment nor in any way impair its effectiveness so long as the judgment contained an adjudication that the defendant had been found guilty of the several crimes *which, when committed* by a single person, *rendered him an habitual criminal.*" (Italics added.)

In the Basuino case, *supra,* the defendant was charged with violation of the State Narcotic Act "with prior conviction of a felony." He admitted the prior conviction of felony and pleaded guilty of the principal offense. Evidently the court failed to adjudge him guilty of the prior felony. The court said:

"The petitioner . . . admitted the prior conviction of felony and pleaded guilty to the substantive offense as charged, thereby establishing irrefragably his liability to sentence for the offense as aggravated (for term of imprisonment) by the prior conviction. . . .

"The foregoing recitals evidence an arraignment obviously sufficient to warrant the pronouncement of a judgment carrying the ten year maximum; i. e., for *violation of the State Narcotic Act, with one prior conviction of a felony,* but the judgment itself as actually pronounced was silent as to the prior conviction of felony. . . .

". . . The court was not required to adjudicate any fact not in issue. (*People* v. *Rhodes* (1934), 137 Cal.App. 385, 389 [30 P.2d 1026].) The specific charges of the several informations, coupled with the defendant's admission of the prior conviction and pleas of guilty of the substantive offenses, definitely establish 'of what offense the defendant was finally convicted.' "

In the preceding case, although the information charged a prior conviction of felony, to which the defendant pleaded guilty, the court failed to adjudge him specifically to be guilty thereof. Section 11712 of the Health and Safety Code provides that any person convicted of a violation of the Narcotic Act, who has been previously convicted of a felony which is

*"found to be true"* by the court or a jury, "shall be imprisoned in the State Prison for not more than 10 years." Although the petitioner in that case had fully served the maximum penalty for the principal offense, he has not served the maximum penalty of ten years prescribed by the Welfare Code for conviction of the crime charged, together with the prior conviction of another felony. The writ was discharged and the prisoner remanded. The principle determined in that case appears to fit the circumstances of this proceeding.

In the case of *People* v. *Lyle, supra,* the defendant was charged with burglary and three prior convictions of other felonies. On arraignment he pleaded guilty to burglary and "admitted the prior convictions alleged in the information." The judgment, which was entered in the minutes, as it was in the present case, merely recited that the defendant pleaded guilty to burglary and "admittd the three prior convictions alleged therein." There was no specific adjudication that he was an habitual criminal. On the contrary, the reviewing court said it would assume, as the appellant alleged, that, at the time of sentence, the judge of the trial court said he "would *not* declare him an habitual criminal." The appellate court said in that regard:

"It is apparently appellant's view that, because the trial court stated it would not declare him an habitual criminal, . . . the judgment should have been vacated by the court which rendered it, since it has now developed that its legal effect is different from what the trial court thought it would be. *It is obvious that the board of prison terms and paroles correctly determined that the legal effect of the judgment was an adjudication that appellant was an habitual criminal* and accordingly punishable by life imprisonment under the provisions of section 644 of the Penal Code. This is true because, although the judgment contains no formal adjudication of habitual criminality, it does nevertheless recite that appellant had admitted the three prior convictions alleged in the information and when the information is examined it appears that it is therein charged that each of such convictions was for a specified felony for which in each case appellant was punished by being confined in a specified penal institution. *The omission of a formal adjudication that appellant was an habitual criminal under these circumstances did not vitiate the judgment or impair its effectiveness and the only term of imprisonment permissible under the law was imprisonment for life without*

*parole.* (*People* v. *Vaile,* 2 Cal.2d 441 [42 P.2d 321].)'' (Italics added.)

The foregoing cases appear to be authorities in complete support of the rule that where a defendant is adequately charged by information with the commission of a crime and of prior convictions of felonies, together with the allegations of service of imprisonment in a state prison or federal penitentiary therefor, and the defendant pleads guilty to the charge and admits the prior convictions as alleged, the judgment which recites that he was convicted or pleaded guilty to those offenses and pronounces sentence of imprisonment in the state prison for the offenses, mentioning the crime and referring to the ''three prior convictions of a felony'' is valid and it authorizes the prison board to fix the term accordingly at life imprisonment as provided in section 644 of the Penal Code.

The case of *People* v. *Noland,* 30 Cal.App.2d 386 [86 P.2d 363], relied upon by petitioner, is not in conflict with what we have previously said regarding the omission to specifically declare the defendant an habitual criminal. In that case the defendant was charged with a crime and a prior conviction of another felony. The information did not allege that he *served a term* therefor in a state prison, as section 644 requires. It merely alleged that he was *"received* at San Quention Penitentiary.'' A jury found him guilty of the crime with which he was charged. The defendant pleaded guilty of the prior conviction as charged. Unlike the present proceeding, the judgment in that case made no reference to a prior conviction, or to the plea thereon. The court said in that regard: ''The judgment pronounced by the trial court makes no reference whatever to the prior conviction.'' For that reason the court properly determined that, ''being silent upon the matter of a prior conviction, the judgment must be construed as one imposing a sentence for a first offense only.''

To the same effect is the case of *People* v. *Schneider,* 36 Cal. App.2d 292 [98 P.2d 215]. The court said in that case: ''In pronouncing judgment the trial court ignored entirely the matter of the prior convictions.'' In that case, unlike the present proceeding, the judgment did not contain statements indicating that the court contemplated the prior convictions in sentencing the defendant. In that case the court utterly ignored the conviction of the prior felonies. In this case the court specifically refers to the conviction of prior offenses in its judgment of commitment.

Following the affirmance of the judgment in the last cited case, the defendant filed a petition for a writ of habeas corpus in the Supreme Court (*In re Schneider*, 23 Cal.2d 427 [144 P.2d 329]) contending that he was merely sentenced as a first offender, since the trial judge ignored the prior convictions in pronouncing sentence. The Supreme Court discharged the writ and remanded the prisoner, stating that the determination of that question on the former appeal became the law of the case, and was therefore controlling. The intimation may be that the Supreme Court might have decided otherwise on the record except for the fact that the point had been determined on the appeal and it became the law of the case. But, it should be recalled that the record in that case, unlike the present record, disclosed the fact that the trial court ignored the prior convictions entirely and they were not mentioned in the judgment of commitment.

In *People* v. *Nicholson*, 34 Cal.App.2d 327 [93 P.2d 223], the judgment was reversed on the ground that the trial court had erroneously found the defendant to be an habitual criminal since the information failed to charge that he had served imprisonments in the state prison therefor. While the record showed that the defendant pleaded guilty to the former convictions *as alleged*, it was held those admissions could not be construed to mean that he admitted serving time in a state prison therefor since that fact was not alleged in the information. The foregoing case is not in point regarding the validity of the judgment in this case.

We conclude that the defendant's plea on arraignment of his guilt of the prior convictions of felonies as charged in the information constituted an admission that he actually served imprisonment therefor in the state prison since the information so states. We also conclude that the record in this proceeding adequately shows that the trial court determined the defendant's guilt of the three former felonies as alleged and took them into consideration in pronouncing sentence as the judgment of commitment specifically states. The prison board therefore had a right to fix the petitioner's term of imprisonment at life pursuant to the judgment, in accordance with section 644 of the Penal Code.

The writ is discharged and the prisoner is remanded.

Adams, P. J., and Peek, J., concurred.