[Crim. No. 4753.   Second Dist., Div. One.   July 21, 1952.]

THE PEOPLE, Respondent, v. JAMES EDWARD WHITTON, Appellant.

James Edward Whitton, in pro. per., and William F. Peters for Appellant.

Edmund G. Brown, Attorney General, and Frank Richards, Deputy Attorney General, for Respondent.

WHITE, P. J.—On July 11, 1946 the district attorney of Los Angeles County filed an information wherein defendant was accused in two counts of the crime of robbery. It was further alleged that at the time of the commission of said offenses defendant was armed with a deadly weapon, to wit, an automatic pistol.

The information further charged that prior to the commission of the aforesaid offenses defendant had been convicted of three felonies, viz., robbery (State of Ohio), assault to kill (State of Ohio), and aggravated robbery (State of Colorado), and that for each of said prior convictions defendant served a term of imprisonment in a state prison.

On July 15, 1946, defendant was duly arraigned upon the information now before us, waived reading thereof, and the public defender was appointed by the court as his counsel.

On July 18, 1946, defendant with his counsel regularly entered his plea of "not guilty as charged in each count of the information." He denied being armed and denied each of the alleged prior convictions. Trial of the action was thereupon set for September 12, 1946.

At the trial, defendant with his counsel present, by leave of court, withdrew his plea of not guilty, theretofore entered to Count 2, and regularly entered his plea of "guilty as charged in Count 2 of the information." He also admitted

being armed at the time of the commission of the offense and at the time of his arrest.

Defendant also admitted each prior conviction as alleged in the information and that he had served a term of imprisonment in a state prison therefor.

Upon the entry of defendant's plea of guilty to the crime charged in Count 2 of the information the court found the offense to be robbery of the first degree. Defendant waived time for sentence and no legal cause appearing why judgment should not be pronounced, he was sentenced to the state prison for the term prescribed by law. He was declared to be a habitual criminal. Count 1 was dismissed in the interest of justice.

No motion for a new trial was made by defendant nor was any appeal taken by him.

On August 20, 1951, defendant filed a petition for a writ of error *coram nobis* in the Superior Court of Los Angeles County to annul, vacate and set aside the judgment on the grounds that the superior court was without jurisdiction in that it was neither alleged nor proved in said action that the crime of robbery had been committed by the petitioner; that the trial court had no jurisdiction to impose upon petitioner an aggravated penalty as a habitual criminal in that such judgment, findings and sentence were void for the reason that it was neither alleged nor proved in said action that said prior convictions as specified in the information were committed at the time, place and date therein mentioned, or whether said prior convictions, as alleged were for acts or omissions of the petitioner, which, if committed by petitioner in the State of California, would have constituted offenses comprised within any of the crimes specified and set forth in section 644 of the Penal Code relating to habitual criminals.

To his aforesaid petition for a writ of error *coram nobis* defendant attached a "specification of errors," wherein he asserted (1) that he was denied counsel and was hastily brought to trial, (2) that he was denied a fair and impartial trial, (3) that the prior convictions were not authenticated in the manner provided in section 1918, subdivision 7 of the Code of Civil Procedure, (4) that the trial court was in error in failing to find that defendant had not served a term of imprisonment in the State of Ohio on the 1932 conviction, (5) that the trial court erred in failing to find that he had not served separate terms of imprisonment

on said prior convictions, and (6) that the court was without jurisdiction to impose upon him an aggravated penalty as a recidivist.

The hearing on said petition was held on August 20, 1951, with the defendant's counsel, Deputy Public Defender R. W. Erskine, present. People's Exhibits Nos. 1 to 3 inclusive, (each a record) were admitted in evidence and filed. The petition for writ of error *coram nobis* was denied. From such order defendant prosecutes this appeal.

The record reveals that appellant is confined in the State Prison at Folsom, California, and by his petition for a writ of error *coram nobis* filed in the Superior Court of Los Angeles County, California, he challenged the validity of one of the prior convictions alleged in the information. The trial court denied the petition because of lack of jurisdiction, holding that the contentions raised by defendant could only be determined by a writ of habeas corpus and not by a writ of error *coram nobis*.

Upon this appeal appellant urges that the court below was not correct in its conclusion that the mistake of fact here sought to be corrected should have been raised by petition for a writ of habeas corpus in the Superior Court of Sacramento County where he is confined and not by way of petition for a writ of error *coram nobis* in the Superior Court of Los Angeles County.

In his petition aforesaid appellant contended that one of the prior convictions, to wit, assault to kill, was erroneously pleaded in the information. That pleading alleged that the defendant was convicted in the court of common pleas in the State of Ohio of the crime of assault to kill, a felony, and the judgment of the said court against him was, on or about the 15th day of June, 1932, pronounced and rendered and said defendant served a term of imprisonment therefor in the state prison. Now, approximately five years after the rendition of such judgment of conviction and adjudication as a habitual criminal, appellant challenges such an adjudication as void in that he was never convicted, sentenced, or imprisoned at any time during the month of June, 1932, or at any other time in the year of 1932.

Even though one of the prior convictions be not available to establish that the accused is a habitual criminal, the judgment is nevertheless valid insofar as the other two unchallenged convictions are concerned.

If, as contended by appellant, one of the convictions alleged to have occurred in the State of Ohio is not available to establish that he is a habitual criminal, the problem which arises is that of an excessive sentence, and for that appellant of course has a remedy. He admits he pleaded guilty to the primary charge of robbery as contained in Count 2 of the information and that he suffered two prior convictions. Manifestly, the judgment and sentence is, to that extent, valid. If a third prior conviction was improperly invoked, then upon arrival of the time when appellant would be entitled to release from imprisonment for the primary offense, with two admitted prior felony convictions, the legality of his continued confinement solely because of the prior conviction which he here challenges, can be tested on habeas corpus.

▮ Appellant further contends that it was not proven in the court below, ''whether said prior convictions as alleged were for acts or omissions of petitioner which, if committed or omitted to be done by petitioner in the State of California, would have constituted offenses comprised within any of the crimes specified and set forth in section 644 of the Penal Code relating to habitual criminals.'' These are questions, the merits of which cannot be reviewed in the present proceeding. They were questions of issuable fact and mixed law and fact which were before the trial court when the judgment was pronounced. Upon a direct appeal from the judgment, had such an appeal been taken, they could have been raised therein (*People* v. *McVicker*, 37 Cal.App.2d 470, 473 [99 P.2d · 1110]; *People* v. *Harincar*, 49 Cal.App.2d 594, 596 [121 P.2d 751]).

Finally, appellant contends that on the hearing of his petition the court should have considered all the other grounds contained therein, such as denial of counsel, and a fair and impartial trial ''on the merits,'' and the failure of the court at the time appellant entered his plea of guilty to require proof and authentication of the prior convictions. ▮ In his brief appellant neither argues these points nor calls our attention to any supporting authorities. Under such circumstances the contentions will be deemed to have been abandoned (*People* v. *Thompson*, 69 Cal.App.2d 80, 85 [158 P.2d 213]).

However, we are constrained to say that the record before us shows that appellant was represented by the public defender at all stages of the proceedings had in the superior court when he withdrew his plea of not guilty, pleaded

guilty to Count 2 of the information, and admitted each alleged prior conviction.

With reference to a "trial on the merits," suffice it to say that the plea of guilty precluded any such proceeding involving the taking of evidence because such plea was a conclusive admission of appellant's guilt and of every element entering into the offense charged (*People* v. *Brown*, 140 Cal.App. 616, 619 [36 P.2d 194]; *People* v. *Outcault*, 90 Cal.App.2d 25, 29 [202 P.2d 602]).

Appellant's contention that the adjudication that he was a habitual criminal was erroneous because no evidence was introduced to prove the prior convictions by way of authenticated documents from the proper authorities outside the State of California is utterly without merit. The admission of an accused of his guilt as charged as well as the truth of all the allegations of prior convictions admitted is, in the absence of insane delusions, most satisfactory evidence upon which to base a conviction and also, upon which to predicate a judgment that he is a habitual criminal (*In re Gilliam*, 26 Cal.2d 860, 866 [161 P.2d 793]; *People* v. *Stone*, 69 Cal.App.2d 533, 536 [159 P.2d 701]; *In re Valenzuela*, 71 Cal.App.2d 198, 200 [162 P.2d 301]).

The order appealed from is affirmed.

Doran, J., and Drapeau, J., concurred.