[Crim No. 861. Fourth Dist. July 24, 1953.]

THE PEOPLE, Respondent, v. JIMMIE ALLEN, Appellant.

Willis Mevis and Richard Hosking for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

MUSSELL, J.—Defendant was charged in an amended information, filed December 23, 1949, with the murder of one Leo Jones. The information also contained allegations that the defendant had been previously three times convicted of felonies, as follows:

(1) That he was convicted on April 22, 1930, in the District Court of the County of Gray, State of Texas, of the crime of felony, to wit, assault with intent to murder, and that he had served a term of imprisonment therefor in the Texas State Prison at Huntsville.

(2) That on April 6, 1933, in the District Court of the County of Custer, State of Oklahoma, he was convicted of the crime of felony, to wit, assault and battery with a dangerous weapon with intent to kill, and that he served a term of imprisonment therefor in the Oklahoma State Prison at McAlester.

(3) That on April 24, 1940, in the District Court of the County of Travis, State of Texas, he was convicted of the crime of felony, to wit, theft from person, and that he served a term of imprisonment therefor in the Texas State Prison at Huntsville.

A jury found the defendant guilty of murder in the second degree. The trial court, on pronouncing judgment, recited that defendant had admitted the three prior felony convictions by pleading guilty thereto and thereupon sentenced the defendant to state prison for the term prescribed by law for the crime of murder in the second degree. It was further ordered and decreed that the defendant be declared an habitual criminal.

In May, 1952, the defendant filed a petition in the Superior Court of Kern County for a writ of error *coram nobis*

for the purpose of setting aside the "judgment of habitual criminality" pronounced in his case. His petition was denied and he appeals from the order of court denying his application for the writ.

Defendant contends that he was not legally determined to be an habitual criminal, it being neither alleged nor proved that his acts in committing the prior felonies charged in sister states were acts constituting any of the crimes enumerated in section 644 of the Penal Code, and that he was convicted of an offense of which he was never accused, the offense being that of "habitual criminality."

The first prior felony conviction alleged was assault with intent to murder, the second assault and battery with a dangerous weapon with intent to kill, and the third theft from person. Penal Code, section 644, as it read in the year of the charge in the amended information (1950) provided that "Assault With Intent to Commit Murder" and "Felonious Assault With a Deadly Weapon" were "priors" within the terms of that section. It also provided that "Grand Theft" might be charged as such a "prior" and section 487 of the same code provided in part as follows:

"Grand theft defined.

"2. When the property is taken from the person of another."

██ It is apparent that all three of the priors alleged, in their substance, come within California's definition of the enumerated crimes. (*In re McVickers*, 29 Cal.2d 264, 267 [176 P.2d 40].) ██ Likewise, there is no merit to the contention that defendant was convicted of the offense of "habitual criminality." As was said in *In re McVickers*, *supra*, pages 270-271:

"That prior convictions are not elements of a substantive offense is necessarily so under the reasoning of the cases which have upheld the constitutionality of section 644 against the attack that it is *ex post facto* as applied to convictions suffered prior to its enactment. . . . That prior convictions are not elements of a substantive offense likewise appears from section 1158 of the Penal Code, which requires the jury to find separately on the issue of prior convictions, and from such cases as *People* v. *Eppinger* (1895), 109 Cal. 294 [41 P. 1037], which holds that a general verdict, 'guilty as charged,' must be treated as a finding against defendant as to the basic offense alleged but in favor of defendant as to alleged prior convictions."

The question as to whether the prior felony convictions were felonies in California was also determined by defendant's admission and there is no burden of proof on the prosecution as to the prior felonies when the defendant admits the convictions in open court. (*People* v. *Herod,* 112 Cal.App.2d 764, 766 [247 P.2d 127].) As was said in *In re Gilliam,* 26 Cal.2d 860, 866 [161 P.2d 793], quoting from *People* v. *Stone,* 69 Cal.App.2d 533, 536 [159 P.2d 701]:

" 'Contention that the trial court's judgment is erroneous because it did not take evidence upon the question of the prior convictions is utterly without merit. It is not an arbitrary judgment of the court when it adjudicates. a prisoner to be an habitual criminal after he admits in open court two prior convictions for felonies and service of prison terms therefor at the time of his pleading guilty to the felony charged in the pending accusation. The confession of a prisoner at the bar of his guilt as charged as well as of the truth of the allegation of prior convictions is, in the absence of insane delusions, most satisfactory evidence upon which to convict and will support a judgment that he is an habitual criminal. (*People* v. *Nicholson,* 34 Cal.App.2d 327 [93 P.2d 223]; *In re Boatwright,* 216 Cal. 677 [15 P.2d 755]; *People* v. *Dawson,* 210 Cal. 366 [292 P. 267]; *People* v. *Birdsell,* 6 Cal.App.2d 749 [45 P.2d 378].)' "

Furthermore, the matters which defendant attempted to raise on his petition for writ of error *coram nobis* could have been presented upon a motion for a new trial or on an appeal and since these remedies were not sought, a writ of error *coram nobis* will not lie. (*People* v. *Whitton,* 112 Cal. App.2d 328, 332 [246 P.2d 60].)

The order denying the writ is affirmed.

Barnard, P. J., and Griffin, J., concurred.