[Crim. No. 873.   Fourth Dist.   Oct. 26, 1953.]

THE PEOPLE, Respondent, v. ELVER LAWRENCE
HICKOK, Appellant.

Annette LaRue for Appellant.

Edmund G. Brown, Attorney General, and William E.
James, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendant was charged with the
crime of robbery and, in a second count, with the crime of
robbery while armed with a deadly weapon. A prior con-
viction of robbery in the first degree in the Superior Court
of Fresno County in March, 1946, was also alleged. An
attorney was appointed to act as his counsel. He pleaded not
guilty as to both counts of the information, but admitted
the prior conviction. After a trial a jury found him guilty

of robbery on both counts, fixing the degree as second degree on the first count and as first degree on the second count. His motion for a new trial was denied and he was sentenced to prison on each count, the sentences to run consecutively. He has appealed from the judgment and from an order denying his motion for a new trial.

Annette LaRue, who was appointed by this court to represent the defendant on this appeal, has filed an able report with a complete review of the record and expressing the opinion that no valid grounds for appeal appear. (*People* v. *Dodd,* 113 Cal.App.2d 682 [248 P.2d 965]; *People* v. *Sutton,* 115 Cal.App.2d 751 [252 P.2d 633].) In fairness to the defendant, this report sets forth and discusses the points which the defendant desired to have raised.

After reading the entire record we agree with counsel's conclusion that no reversible error appears. The two counts of the complaint relate to the robbery of a grocer in Fresno on the morning of November 9, 1951, and the robbery of a bakery employee in Fresno on the evening of the same day. The fact of the robbery was clearly established with respect to each count, and in each instance the victim positively identified the defendant as the robber. There was no evidence which could tend to raise any doubt as to either incident, other than the defendant's testimony that he did not commit either of these robberies. An unsuccessful attempt was made to establish an alibi, but on cross-examination the defendant testified that he could not remember whether or not he was in Fresno on the day in question.

According to the report the appellant contends that the district attorney committed prejudicial error by asking him whether he had previously been convicted of a felony. In this connection, he contends that the court erred in accepting his plea of guilty in March, 1946, and in sentencing him at that time, because the case had been dismissed at the preliminary hearing and he was never properly held to answer. The question complained of was asked by the district attorney for impeachment purposes. He had admitted the prior conviction, and nothing in the record indicates that the question was improper. Moreover, counsel's investigation disclosed that the appellant was held to answer at a preliminary hearing in March, 1946; that on arraignment in the superior court he was allowed to enter a plea of guilty after being questioned as to his understanding of the gravity

of his plea, and after stating to the court that he did understand; and that he was ably represented by counsel of his own choosing at the preliminary examination and in the superior court. Appellant next contends that section 3024 of the Penal Code was not enacted until after the commission of the crimes of which he was convicted and was therefore *ex post facto* as applied to him. Subdivision (b) of that section, which affects the appellant, was in effect at all times material here. It is next contended that one witness was biased against the appellant. Not only is this unsupported by any facts appearing in the record, but no such question was raised at the trial.

The only other contention is that the verdict is not supported by the evidence because in several instances a discrepancy appears between the testimony of a witness at the preliminary examination and the same witness at the time of the trial, and because the transcript of the preliminary examination discloses that an officer attempted to influence witnesses in the matter of identification by placing a picture of the appellant among other pictures. The claimed discrepancies in the evidence relate to the color of wearing apparel worn by the appellant, and like matters. Any such discrepancies were natural since the trial occurred 14 months after the time of the robberies, any conflict was for the jury, and the evidence amply supports the verdict. A reading of the record discloses the evidence of appellant's guilt was overwhelming; that the identification of him was positive; and that any alleged inconsistency or weakness in the evidence was solely a matter for the jury, and for the trial court on the motion for a new trial. No error or prejudice appears, and there is nothing in the record which would tend to indicate that the appellant did not receive a full and fair trial.

The judgment and order are affirmed.

Griffin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 24, 1953.