[Crim. No. 874. Fourth Dist. Oct. 26, 1953.]

THE PEOPLE, Respondent, v. WILLIAM R. BENNETT, Appellant.

Donald F. Manfredo for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

BARNARD, P. J.—This is an appeal from an order of the superior court denying a petition for writ of error coram nobis. Donald F. Manfredo was appointed by this court to represent the appellant. He has filed a report with a full and careful review of the record, including a painstaking examination of the prior proceedings, and stating that he has been able to find no meritorious ground for the appeal (*People v. Dodd,* 113 Cal.App.2d 682 [248 P.2d 965]; *People* v. *Sutton,* 115 Cal.App.2d 751 [252 P.2d 633].) After studying the record we agree with this conclusion.

It appears that the appellant pleaded guilty to a charge of forgery and was given probation· on December 4, 1947, one of the conditions being that he serve six months in the county road camp. In 1949, he pleaded guilty to a charge of armed robbery and was sentenced to prison. On the same day, his probation in the other case was revoked and he was also sentenced to prison on that charge, the two sentences to run concurrently.

In his petition the appellant contends that his imprisonment on the 1947 charge is illegal because the district attorney ''bargained'' with him and thus induced him to plead guilty to this charge in order to secure probation; and because he was placed in double jeopardy for the same offense by being sentenced to prison after he had been given probation by an order which did not make a prison sentence a condition of probation. It is further claimed that the conviction on the other charge in 1949 is illegal in that he was not arraigned within ·the proper time; in that he was placed on the stand as a witness against himself; in that his plea was taken without the presence of counsel; in that he was not informed of his constitutional rights; in that the district attorney told him that if he would plead guilty to that charge other charges against him would be dropped; and in that he was not properly identified by the victim of the robbery.

The record does not sustain any of these contentions. ■ The order granting probation was not a judgment, and no double jeopardy appears. (*People* v. *Wallach,* 8 Cal.App.2d 129 [47 P.2d 1071]; *People* v. *Williams,* 93 Cal.App.2d 777 [209 P.2d 949]; *People* v. *Lippner,* 219 Cal. 395 [26 P.2d 457].) ■ Appellant's claims of promises and bargaining by which he was induced to plead guilty in the two cases are all denied. The most that could be said is that there is conflicting evidence on this point. The record in connection with the robbery charge in 1949 shows, without conflict, that the appellant was fully advised of his rights, that he voluntarily testified as a witness, that he was represented by counsel, and that he was identified by the victim of the robbery.

Moreover, all of the factual matters relied on were known to the appellant at the time the judgments were entered, all of these points could have been raised on appeal, and no reason or excuse for the delay of two years in seeking relief is offered.

The *order appealed from is affirmed.*

Griffin, J., concurred.