[Crim. No. 999.   Fourth Dist.   Oct. 13, 1955.]

THE PEOPLE, Respondent, v. MANUEL VEGA, Appellant.

Manuel Vega, in pro. per., and Maurice C. Sherrill, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

GRIFFIN, J.—Defendant, in propria persona, on June 1, 1955, filed his notice of appeal from the above-entitled order entered on May 24, 1955, after his conviction on February 24, 1954 (by the trial court sitting without a jury) of the crime of robbery, second degree. No appeal was taken from the judgment of conviction and no motion for new trial was made at that time. He admitted three charges of prior convictions of felonies. One was for burglary, first degree, committed in Riverside County in 1936, one for escape and grand theft in that same county in 1938, and grand theft therein in 1947. On the last two charges of grand theft defendant served separate prison terms in a California state prison.

Defendant presented his petition for the writ above mentioned in propria persona alleging (1) that the trial court exceeded its jurisdiction in not informing him of his constitutional right to a jury trial; and (2) that it was without jurisdiction to adjudge him an habitual criminal for the claimed reason that the previous convictions of grand theft were not such offenses as would bring defendant within section 644 of the Penal Code (habitual criminal) since it was not proved at the trial or otherwise that the value of the property taken under these two counts exceeded $200, citing *In re McVickers*, 29 Cal.2d 264 [176 P.2d 40]; *In re Seeley*, 29 Cal.2d 294 [176 P.2d 24]; and *In re Bramble*, 31 Cal.2d 43 [187 P.2d 411].

At the hearing on the petition there was presented to the trial court a record of the proceedings had at the trial of the defendant at which time Maurice C. Sherrill, public defender in Riverside County, at defendant's request, was appointed to defend him. The record fully indicates that the defendant was duly arraigned; that counsel for defendant waived a jury trial; that defendant was also asked if that was his desire and he responded that it was also his desire that a jury be waived and that "the matter be tried by the court without a jury." The defendant never made any claim at that time or during the trial that he was not informed of his right to a jury trial. It is defendant's statement in his

brief filed in the superior court that he "was given to understand" that if he followed the procedure indicated the court would not adjudge him an habitual criminal. This statement is not supported by any evidence of any kind or description. As appears from the record, the trial court fully considered the questions raised and denied the petition. We see no merit to the contentions.

The second argument is equally without merit. The cases referred to by defendant disclose the rule to be that to use a prior felony conviction for grand theft which occurs in a state other than California, in adjudging a defendant an habitual criminal, pursuant to section 644 of the Penal Code, it should also be shown that the value of the personal property taken exceeded $200 so that it can be affirmatively indicated from the record that such offense would be the same as the offense of grand theft in this state. Since the conviction of grand theft is alleged to have occurred in this state on both counts the issue of the value of the personal property taken has already been conclusively determined by the fact of the convictions themselves. Where a defendant admits such prior convictions, as he did here, the prosecution has no additional burden of proof in this respect. (*People* v. *Allen,* 119 Cal.App.2d 365, 368 [259 P.2d 474] ; *People* v. *Whitton,* 112 Cal.App.2d 328, 333 [246 P.2d 60].)

Petitioner, on July 6, 1955, petitioned this court to appoint an attorney to represent him in the instant proceedings and furnished a list of attorneys from which he requested the selection be made. Such an applicant has no inherent right to the selection of any particular attorney. An order was made appointing the public defender, who represented defendant at the time of the trial, over some claimed objections of defendant which do not appear to be well founded. This attorney graciously consented to act, and has devoted considerable time in investigating the record, and has submitted a report of his findings in lieu of appellant's opening brief. (*People* v. *Bennett,* 120 Cal.App.2d 835 [262 P.2d 59] ; *People* v. *Hickok,* 120 Cal.App.2d 832 [262 P.2d 30].)

This report contains a full and careful review of the record, including a painstaking examination of the prior proceedings and a statement that the attorney has been unable to find any meritorious ground for the appeal. After considering the questions raised and disposed of, as above indicated, we agree with the conclusions reached by counsel appointed to represent the defendant.

It has been held that a writ of error *coram nobis* will not lie to test the propriety of an adjudication of habitual criminality. (*People* v. *McVicker*, 37 Cal.App.2d 470, 473 [99 P.2d 1110]; *People* v. *Herod*, 112 Cal.App.2d 764, 766 [247 P.2d 127].)

No appeal lies from an order of the superior court denying defendant a writ of habeas corpus. (Pen. Code, § 1506; *People* v. *Ryan*, 118 Cal.App.2d 144, 149 [257 P.2d 474].) It does not appear that petitioner is entitled to any relief under the writ sought.

Order affirmed.

Barnard, P. J., concurred.