[Crim. No. 1235.    Fourth Dist.    July 29, 1958.]

THE PEOPLE, Respondent, v. C. E. OWEN, Appellant.

Carl Edmund Owens, in pro. per., and Frank E. Wyland, Jr., under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

GRIFFIN, J.—Defendant-appellant filed in the superior court, where he previously was represented by counsel and pleaded guilty to the crime of forgery, a "Motion (in the nature of writ of error *coram nobis*) to Vacate Judgment of Conviction and Sentence of Imprisonment." Apparently, at the trial of the main action, upon defendant's request his attorney was dismissed by him and defendant was permitted to represent himself in propria persona. About the time judgment was to be pronounced, defendant moved to set aside his plea of guilty. Subsequently, after hearing, the motion was denied and he was arraigned for judgment and was, on July 6, 1956, ordered confined in the state's prison. He filed in propria persona a notice of appeal from the judgment and sentence and subsequently filed a notice purportedly appealing from the judgment and "order denying new trial." No motion for a new trial was made. At defendant's request, counsel was appointed to represent defendant on this appeal. This counsel was permitted to withdraw from said case and another was appointed. He filed a brief on behalf of appellant and respondent replied thereto. The case was calendared for January 8, 1957. Appellant's counsel filed an abandon-

ment of defendant's appeal, feeling that a writ of habeas corpus was a proper remedy to test the questions raised and apparently defendant acquiesced in this abandonment. On December 21, 1956, the appeal was dismissed. On October 14, 1957, defendant, in propria persona, filed a motion in this court to recall the remittitur for writ of mandate and error *coram nobis* and his motion was denied. Defendant then filed in the superior court of Tulare County a so-called motion, as above entitled, setting forth, in the main, the points he attempted to raise on the appeal, claiming section 470 of the Penal Code was unconstitutional; denial of due process of the law; that he was deprived of effective assistance of counsel; and that the original complaint in the justice's court was void and improperly amended. The trial court sustained respondent's demurrer to the so-called motion and after consideration, it was sustained without leave to amend. Defendant has appealed from this order.

Defendant's counsel, on appeal, after thoroughly investigating the merits of defendant's points on appeal, both of fact and of law, concluded there was no meritorious ground for reversal of the order made. He filed a lengthy and well prepared report in this connection, in lieu of a brief and in accordance with the practice suggested in *People* v. *Dodd,* 113 Cal.App.2d 682 [248 P.2d 965] and *People* v. *Bennett,* 120 Cal.App.2d 835 [262 P.2d 59]. We have examined the entire file and agree with the conclusion reached by defendant's counsel.

▮ *Coram nobis* is not a "catch-all" by which those convicted of crime can litigate and relitigate the propriety of their convictions *ad infinitum.* (*People* v. *Ayala,* 138 Cal. App.2d 243-246 [291 P.2d 517]; *People* v. *Tuthill,* 32 Cal.2d 819, 821 [198 P.2d 505]; *People* v. *Martinez,* 88 Cal.App.2d 767, 771 [199 P.2d 375]; *People* v. *Cardwell,* 153 Cal.App.2d 377, 379 [314 P.2d 484]; *People* v. *James,* 99 Cal.App.2d 476, 479 [222 P.2d 117].)

Order affirmed.

Mussell, Acting P. J., and McCabe, J. pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 24, 1958.

---

*Assigned by Chairman of Judicial Council.