21 Cal.Rptr. 161]

[Crim. No. 7140. Second Dist., Div. Two. Apr. 26, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. EDWARD JACK GREENWELL, Defendant and Appellant.

Earl Klein, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, and Jack E. Goertzen, Deputy Attorney General, for Plaintiff and Respondent.

HERNDON, J.—Appellant Greenwell and one Gonzalez were charged by information with armed robbery committed on July 15, 1959. Appellant was further charged with three prior convictions of felonies, for each of which, it was alleged, he "served a term of imprisonment therefor in the State Prison." Appellant entered a plea of not guilty and denied the prior convictions.

The case was called for trial by jury on October 20, 1959, and at the outset, in proceedings held outside the hearing of the jury, appellant *admitted* the three prior felony convictions as alleged in the information: (1) robbery in 1936; (2) robbery in 1941; and (3) robbery, violation of section 11500, Health and Safety Code, and violation of the Dangerous Weapons Control Law in 1958. The jury found appellant guilty of the instant charge of armed robbery in 1959. In the judgment of conviction, it is recited that appellant had admitted the three prior felony convictions as alleged and that he had "served a term in a State Prison for each of said prior convictions." The judgment adjudicates that "the defendant

is an Habitual criminal.'' The pertinent provisions of section 644, subdivision (a) of the Penal Code are quoted in the footnote.[1]

Although this appeal is taken from ''the judgment of conviction . . . and . . . from the Order of Court made herein adjudging defendant to be an habitual criminal,'' appellant's brief asserts no error affecting the judgment of conviction and our review of the record reveals none. Appellant's sole claim is that the trial court erred in its adjudication that he is an habitual criminal. His first argument is that the adjudication is without support in the record.

The contention is completely without merit. The record shows that at the beginning of the trial, appellant's attention was directed to each prior conviction and that the precise wording of the charge, both as to the offense named and as to the service of sentence therefor, was stated to him. He was then asked as to each whether or not he had suffered the alleged prior conviction. As to the 1936 and 1941 convictions, he answered in the affirmative. He admitted the 1958 conviction, but stated that he had served no sentence thereon because he was at liberty on an appeal bond both at the time of the offense charged in the present case and at the time of trial. We find no evidence in the record of any service of sentence on the 1958 conviction.

The decisions in *People* v. *Jackson,* 36 Cal.2d 281, 287 [223 P.2d 236], and *In re Valenzuela,* 71 Cal.App.2d 198, 200 [162 P.2d 301], are among the many which provide complete and decisive answers adverse to appellant's contention. *People* v. *Jackson, supra,* at page 287, states as follows:

''Likewise there is no merit to defendant's claim that his adjudication as an habitual criminal is without legal support in the record. As above stated, the information charged defendant with four prior convictions of felonies, as to each of which he was alleged to have 'served a term therefor in a penal institution.' At the time of arraignment the court, after specifically directing defendant's attention to each separate prior conviction in the precise wording of the charge, both as to the particular criminal offense named and

---

[1]Penal Code section 644, subdivision (a): '' (a) Every person convicted in this State of the crime of robbery, . . . who shall have been previously twice convicted upon charges separately brought and tried, and who shall have served separate terms therefor in any state prison . . . of the crime of robbery . . . shall be adjudged a habitual criminal and shall be punished by imprisonment in the state prison for life.''

the service of sentence therefor, expressly asked defendant as to each one, 'Did you or did you not suffer the alleged . . . prior conviction,' and in each instance defendant replied, 'I did.' The minute order of defendant's entry of his plea states that 'defendant pleaded guilty as charged in the information and to 4 prior convictions.' Defendant now argues that such admissions were not sufficient under the requirements of Penal Code section 644, because he was not further asked by the court 'whether or not he had served terms in penal institutions on said prior felonies.' But such argument is a mere quibbling with the facts, for as the court precisely referred to each separate conviction and imprisonment as charged, it cannot be assumed that there was any misunderstanding on the part of defendant or his counsel as to the purport of his admissions to include the prior imprisonment as well as the particular conviction in question. (*In re Valenzuela,* 71 Cal.App.2d 198, 199-200 [162 P.2d 301]; *People* v. *Houston,* 88 Cal.App.2d 11, 15 [198 P.2d 53].)"

*In re Valenzuela, supra,* at page 200: "In effect, the defendant admitted that he had been previously convicted and served imprisonment in a state prison in California for each alleged prior felony, *as charged in the information.* ▇ The defendant, on arraignment in the presence of his attorney, having had the information read to him, including the charges of prior convictions of felonies, each of which specifically alleged that 'said defendant served a term of imprisonment therefor in the State Prison' which he admitted, in one instance 'as alleged,' it must be assumed he understood the charge and admitted that he had served imprisonment in a state prison on each alleged prior conviction. To otherwise determine would be quibbling with the facts. Those admissions of the defendant on arraignment furnish sufficient evidence that he was convicted and served imprisonment in the state prison for the prior felonies and in the manner constituting him an habitual criminal under the provisions of section 644 of the Penal Code. (*In re Gilliam,* 26 Cal.2d 860 [161 P.2d 793].)"

In addition to appellant's admissions of his prior convictions, the record herein contains certified copies of commitments signed by Judge Frank M. Smith for case numbered 64588, dated October 20, 1936, covering appellant's plea of guilty to robbery, and also a commitment signed by Judge Charles W. Fricke for case numbered 84168, dated June 6, 1941, covering appellant's plea of guilty to robbery with his

admission of the prior (1936) conviction, and service of a term of imprisonment therefor.

After the verdict of guilty was returned, the cause was set down for probation and sentence on a later date. Due to the illness of appellant's counsel, the matter was continued to January 15, 1960. In response to the court's question "Is there any legal reason why judgment should not now be pronounced?" appellant's counsel stated: "No legal reason, Your Honor, except for Your Honor's consideration of the additional finding under the habitual criminal act, and I have an additional piece of evidence to present. . . ." Appellant offered, and the court received in evidence, a document entitled "Certificate of Discharge and Release" which indicates that he was discharged from prison on July 22, 1951.

Appellant contends that this certificate shows that he served only one sentence, which was on the 1936 conviction. The certificate refers to a conviction on "two counts" of first degree robbery. The record before us conclusively shows that on October 19, 1936, appellant was convicted on one count of robbery and sentenced to a term of imprisonment therefor in the state prison. The record further shows that on June 6, 1941, appellant was convicted of one count of robbery and sentenced to a term of imprisonment therefor in the state prison. Manifestly, this certificate was intended only as a statement that the prisoner had been discharged from prison on the date stated.

It appears that at the hearing on the date first set for probation and sentence, which appellant and his counsel failed to attend, the court heard testimony from a staff member of the Adult Authority to the effect that when a man is sentenced to the state penitentiary and there is more than one sentence, the certificate of discharge is given at the conclusion of the sentence last served. Appellant complains that he was thus denied his right to be confronted with a witness against him and to have the witness testify in his presence. Appellant further complains that he was denied his right to a jury trial on the issue of habitual criminality.

Both of the last-stated contentions are wholly devoid of merit. Since appellant's admissions before the commencement of the trial clearly established that he was an habitual criminal, no further trial of the issue was necessary. (*People* v. *Allen,* 119 Cal.App.2d 365, 368 [259 P.2d 474] ; *People* v. *Chapman,* 81 Cal.App.2d 857, 862 [185 P.2d 424] ; *People* v. *Stone,* 69 Cal.App.2d 533, 536 [159 P.2d 701] ;

6

*People* v. *Jackson, supra,* 36 Cal.2d 281, 287.) By his statements, counsel for appellant clearly indicated his intention and desire that the issue be submitted for decision on the record. His only offer of evidence, i.e., the certificate of discharge, was received. He never so much as hinted that he desired a jury trial on the issue, or that he desired to offer any evidence other than said certificate.

Since it was conclusively established that appellant was an habitual criminal, both by his own admissions and by the uncontradicted record, any error of the court in hearing in his absence the testimony concerning the certificate of discharge could not possibly be regarded as prejudicial.

There being in the record no admission, nor any evidence, that appellant served a prison term on his conviction in 1958, the following is ordered stricken from the judgment's recital of his former convictions: "and Robbery, Violation of Section 11500, Health and Safety Code, and Violation of the Dangerous Weapons' Control Law, a felony, Superior Court of the State of California, Los Angeles County, August 5, 1958."

The judgment as thus modified and the order adjudging defendant to be an habitual criminal are affirmed.

Fox, P. J., and Ashburn, J., concurred.